## THE STATE *v.* SHIDELER ET AL.

PLEADING.—*Motion to Set Aside Forfeiture.*—In a proceeding to set aside the forfeiture of a recognizance for the appearance of a defendant to answer to an indictment, a complaint is not necessary; a written motion is sufficient.

JURISDICTION.—*Remission of Forfeiture.*—The power to set aside such forfeiture is not vested exclusively in the Governor, but is also vested in the proper court.

SAME.—*Of Parties.*—The prosecuting attorney is the proper person to represent the State in such proceeding, and upon his appearance to such motion the court has jurisdiction of the State.

From the Marion Criminal Circuit Court.

*J. M. Cropsey,* Prosecuting Attorney, for the State.

*J. T. Dye* and *A. C. Harris,* for appellees.

WORDEN, J.—One Samuel T. Hoyt was indicted in the Marion Circuit Court, in the year 1865, for professional gambling, and one Henry E. Hezekiah became recognizor for his appearance in that court to answer the charge; and in November, 1865, the recognizance was in that court adjudged forfeited.

Afterwards, in 1868, in the criminal circuit court, as we suppose, the prosecution against Hoyt was dismissed, the prosecutor stating, as is alleged, that he was unable to procure evidence to convict him. Afterwards, in 1874, the appellees filed their written motion in the court below to set aside the forfeiture of the recognizance, they having become the owners of some property owned by Hezekiah at the time the judgment of forfeiture was entered, which was supposed to be affected by the lien of the judgment of forfeiture.

The prosecuting attorney appeared to the motion, and the court, on December 24th, 1874, sustained the motion and set aside the forfeiture. No exception was taken to the action of the court, nor does it appear by any bill of exceptions on what ground the forfeiture was set aside.

Afterwards, on December 28th, 1874, the prosecuting attorney filed his motion to set aside and expunge from the record the order of the court setting aside the forfeiture, and

to dismiss the petition, on the ground that the court had no jurisdiction of the subject-matter or of the State, and on the ground that the facts stated in the petition did not entitle the appellees to any relief, and further, that they were not entitled to ask to have the forfeiture set aside. This motion was overruled, and the prosecutor excepted.

There is no question raised by this record, except that in relation to the jurisdiction of the court over the subject-matter and the State. If the court had the power to set aside the forfeiture, it will be presumed to have been rightly done, inasmuch as the ground of the action of the court does not appear, and no exception was taken to its action in that respect. There was no need of any complaint; hence what was said .in the motion of the prosecutor as to the insufficiency of the petition need not be further noticed.

Had the court jurisdiction? In other words, had it the power to set aside the forfeiture? The constitution provides (art. 5, sec. 17), that the Governor "shall have power to remit fines and forfeitures, under such regulations as may be prescribed by law." This provision should, perhaps, be construed to embrace forfeitures of recognizances before final judgment upon them. But if it should, the same power vested in a court would not be inconsistent with the provision. This power is not by the constitution vested exclusively in the Governor.

The statute provides (2 G. & H. 400, sec. 50), that "any recognizance forfeited by the principal is collectible upon execution, although he is afterwards arrested on the original charge, unless remitted by the court for cause shown."

The power of the court to remit these forfeitures is here clearly recognized, and we will presume, the record not showing the contrary, that cause was shown. The prosecuting attorney was the proper party to represent the State, and he appeared to the motion. Hence the court had jurisdiction of the parties and subject-matter.

The judgment below is affirmed.