Filed Sept. 27, 1884.

---

No. 11,935.

## BUTLER v. THE STATE.

CRIMINAL LAW.—*Constitutional Law.—Pardons.—Reprieves.—Commutations. Remissions of Fines and Forfeitures.*—Section 17 of article 5, under the limitations of article 3, of the Constitution of the State, confers upon the Governor the exclusive power to remit fines and forfeitures and to grant reprieves, commutations and pardons.

SAME.—*Cases Disapproved.*—So much of section 1888, R. S. 1881, as authorizes the Supreme Court or a judge thereof, on an appeal from a judgment of conviction, to suspend the sentence of death, and so much of section 1724, R. S. 1881, as invests courts with the power to remit forfeitures, are void as being in conflict with the constitutional provisions above mentioned. *State, ex rel.*, v. *Speck*, 20 Ind. 211, and *State* v. *Shideler*, 51 Ind. 64, are disapproved so far as they recognize that the power to remit forfeitures does not exist exclusively in the Governor.

From the Whitley Circuit Court.

*C. H. Blackburn*, *H. I. Booth* and *T. E. Powell*, for appellant.

*F. T. Hord*, Attorney General, *M. A. Sickafoose*, Prosecuting Attorney, and *W. B. Hord*, for the State.

HAMMOND, J.—The judgment of the court below, rendered

June 14th, 1884, placed the appellant under sentence of death for murder in the first degree, fixing October 10th, 1884, as the time for his execution.    He appealed from the judgment, but did not, until October 6th, 1884, file in this court a transcript of the record.    He has presented a motion here for a suspension of the execution of the sentence, and the important question now to be decided is whether this court has power to grant his request.

Section 1888, R. S. 1881, provides that "An appeal to the Supreme Court from a judgment of conviction does not stay the execution of the sentence, except where the punishment is to be death, or the judgment is for a fine or a fine and costs only; in which cases the execution of the sentence may be stayed by an order of the Supreme Court or a judge thereof." Section 1874, R. S. 1881, also recognizes the power of this court to suspend the execution of the death penalty in a case pending before it on appeal.    Counsel for appellee insist that these statutory provisions are in conflict with the Constitution of the State.

The stay or suspension of the execution of the death penalty provided for and recognized by the sections of the statute referred to is what is usually termed a respite or a reprieve.    Sir W. Blackstone, 4 Com. 394, says that "A reprieve, from *reprendre*, to take back, is the withdrawing of a sentence for an interval of time; whereby the execution is suspended."

" The law of respite or reprieve," says Mr. Bishop, "appears to apply only to capital sentences.    The two terms are nearly synonymous.    Either signifies the suspension, for a time, of the execution of a sentence which has been pronounced."    1 Bishop Crim. Proc., section 1299.    Webster defines the word " reprieve " to be " The temporary suspension of the execution of sentence, especially the sentence of death."

Can the Legislature invest this court with power to grant reprieves?    In the absence of constitutional restrictions, the Legislature of a State can, without doubt, confer upon the

courts within its jurisdiction authority to grant pardons or reprieves. But where the Constitution of a State, by direct terms or by necessary implication, grants such power exclusively to the Governor, it is not competent for the Legislature to confer it upon any other person or tribunal. *Sterling* v. *Drake*, 29 Ohio St. 457 ; *State* v. *Nichols*, 26 Ark. 74.

Article 3 of our State Constitution, section 96, R. S. 1881, distributes the powers of the government into three separate departments, the legislative, the executive, including the administrative, and the judicial, and provides that " no person charged with official duties under one of these departments shall exercise any of the functions of another, except as in this Constitution expressly provided." Section 17 of art. 5 (section 143, R. S. 1881) confers upon the Governor " the power to grant reprieves, commutations, and pardons, after conviction, for all offences except treason and cases of impeachment, subject to such regulations as may be provided. by law." It also invests him with " power to remit fines and forfeitures, under such regulations as may be prescribed by law." There is no express provision of the Constitution providing for the exercise of these powers by any person charged with official duties under the legislative or judicial department. The conclusion seems to be inevitable that in this State the Governor, under such regulations as may be provided by law, has the exclusive power to grant pardons, reprieves and commutations, and to remit fines and forfeitures. It follows that any legislative enactment which attempts to clothe the courts, or any of the courts, of this State with these powers, or any of them, is void as being in conflict with the fundamental law. The reasons for this conclusion are more fully presented in quotations which we make from some of the decided cases.

*The State* v. *Sloss*, 25 Mo. 291, was a case arising upon an act of the Legislature attempting to relieve persons from penalties incurred by violations of a certain penal statute. It was held that it was not competent for the Legislature to do this,

as it was an invasion of the pardoning power which, by the Constitution of the State, was vested exclusively in the Governor. It was said in that case: "The powers of the General Assembly are not unlimited. All the departments of our government are confined in their operations. They have prescribed limits, which they can not transcend. The union of the legislative, executive and judicial functions of government in the same body, as shown by experience, had been productive of such injustice, cruelty and oppression that the framers of our Constitution, as a safeguard against those evils, ordained that the powers of government should be divided into three distinct departments, and that no person charged with the exercise of powers properly belonging to one of these departments should exercise any powers properly belonging to either of the others, except in the instances expressly directed or permitted by the Constitution. Although questions have sometimes arisen whether a power properly belonged to one department of government or another, yet there is no contrariety of opinion as to the department of the government to which the power of pardoning offences properly appertains. All unite in pronouncing it an executive function. So the framers of our Constitution thought, and accordingly vested the power of pardoning in the chief executive officer of the State."

It may be observed that under the Constitution of this State the power of granting reprieves is as clearly and exclusively vested in the Governor as that of granting pardons.

In *The Attorney General*.v. *Brown*, 1 Wis. 513, the court said: "The policy of our Constitution and laws has assigned to the different departments of the State government, distinct and different duties, in the performance of which, it is intended that they shall be entirely independent of each other; so that whatever power or duty is expressly given to, or imposed upon the executive department, is altogether free from the interference of the other branches of the government. Especially is this the case, where the subject is committed to the *discre-*

*tion* of the chief executive officer, either by the Constitution or by the laws. So long as the power is vested in him, it is to be by him exercised, and no other branch of the government can control its exercise."

The Legislature of Alabama passed a special act requiring a county treasurer to refund to certain sureties money which they had been compelled, by judgment of court, to pay as a fine for their principal. In *Haley* v. *Clark*, 26 Ala. 439, it was held that the act was an attempt indirectly to remit a fine, and was in conflict with the Constitution. The following language occurs in the opinion : " The principal question is, whether this act is unconstitutional. By article IV, section II, of the Constitution of Alabama, the power to remit fines and forfeitures is given to the Governor, and by the second article, the powers of the government are divided into three distinct departments—the legislative, executive and judicial, and no one of these departments, or person belonging thereto, can exercise any power properly belonging to either of the others, unless expressly directed or permitted by the Constitution. The power to pardon offences, except in case of treason and impeachment, and to remit fines and forfeitures, being, as we have seen, confided by the fundamental law to the executive branch of the government alone, this power is virtually denied to any other department, and can not, therefore, be exercised by the Legislature."

Article 3 of the Constitution of Indiana, while too plain to admit of construction, has in several cases been considered by this court, and the law is well settled that constitutional restraints are overstepped where one department of government attempts to exercise powers exclusively delegated to another. *Wright* v. *Defrees*, 8 Ind. 298 ; *Waldo* v. *Wallace*, 12 Ind. 569 ; *Trustees, etc.*, v. *Ellis*, 38 Ind. 3 ; *Columbus, etc., R. W. Co.* v. *Board, etc.*, 65 Ind. 427.

Section 50, 2 R. S. 1876, p. 382, and section 1724, R. S. 1881, recognize the power of courts to remit forfeitures of recognizances. We are satisfied such power does not exist in, and

that it can not be conferred upon courts by the Legislature. Courts may, from inherent powers or those conferred by statute, set aside judgments forfeiting, or upon forfeited recognizances, the same as other judgments, for fraud, mistake, inadvertence, surprise or excusable neglect, or in proceedings for review. But courts have not, nor can the Legislature confer upon them, authority to grant pardons, reprieves or commutations, nor to remit fines and forfeitures. These powers, under the Constitution, belong exclusively to the chief executive officer of the State, and they can not be exercised, directly or indirectly, either by the legislative or judicial department.

There was language used in *State, ex rel.,* v. *Speck,* 20 Ind. 211, and *State* v. *Shideler,* 51 Ind. 64, which was not necessary, in our opinion, to the decision of those cases, to the effect that the power to remit forfeitures does not exist exclusively in the chief executive officer of the State, and which is now disapproved.

Our conclusion is that this court has no power to grant reprieves, and that the appellant's application for delay of execution of his sentence must be denied.

Filed Oct. 9, 1884.