No. 17,098.

## PARKER ET AL. *v.* THE STATE.

SUPREME COURT.—*Power to Stay Execution in Capital Cases.—Criminal Law.*—The Supreme Court has the power to grant a stay of execution in a capital case, pending before it on appeal, when necessary to enable it to investigate and properly decide the questions presented by the record. It has this power independent of any statutory provision, sections 1874 and 1888, R. S. 1881, being simply declaratory of the power which existed before their enactment. *Butler* v. *State*, 97 Ind. 373, modified.

From the Marion Criminal Court.

*J. B. Kealing, M. M. Hugg* and *R. W. McBride*, for appellants.

*A. G. Smith*, Attorney-General, and *J. W. Holtzman*, Prosecuting Attorney, for State.

COFFEY, J.—The appellants in this case were indicted, tried, and convicted, in the Marion Criminal Court, upon a charge of murder in the first degree, and were sentenced to suffer death on the 3d day of November, 1893. From this judgment they appealed to this court, and, on the 28th day of September, applied for a stay of execution, upon the ground that the time intervening between the date of filing the transcript in this court and the date fixed for the execution was not sufficient to enable their counsel to properly examine and argue the legal questions in the case, and was not sufficient to enable the court to properly consider and decide the legal questions arising upon the assignment of errors in the cause. After due consideration of the petition, and the record in the case, the court found that it was impossible to properly consider and decide the errors assigned upon the record prior to the 3d day of November, 1893, and thereupon entered an order staying the execution of the

sentence passed upon the appellants, until the 5th day of January, 1894.

The attorney-general of the State files a petition to vacate that order, upon the alleged ground that it is in violation of article 3, section 1, and article 5, section 17, of the Constitution of the State, and that this court, in staying the execution of the sentence of the appellants, attempted to and did exercise the constitutional powers and duty of the governor of the State; that the power to grant reprieves and stay of execution in criminal cases is vested in the governor, and not in the courts.

Section 1888, R. S. 1881, provides that "An appeal to the Supreme Court from a judgment of conviction does not stay the execution of sentence, except where the punishment is to be death, or the judgment is for a fine or a fine and costs only; in which cases the execution of sentence may be stayed by an order of the Supreme Court, or a judge thereof."

Section 1874 provides that "When the execution of the sentence is respited to another day by the governor, or where the same is suspended by order of the Supreme Court pending an appeal thereto, the sheriff must note the same on the warrant, and the defendant must be detained in custody until the day to which the respite is granted, or the execution suspended, by the Supreme Court, at which time the sheriff, unless the judgment is reversed or the defendant pardoned, must execute the sentence between the hours specified in the judgment, and return the warrant, with the respite or order of the Supreme Court."

It is not denied that this court had the power, under these statutes, to make the order in question, provided they are valid enactments, but it is said that they are in conflict with the sections of the constitution above referred to, and for this reason they are void.

Section 1, article 3, *supra,* of the constitution, provides that "the powers of the government are divided into three separate departments; the legislative, the executive, including the administrative, and the judicial; and no person charged with official duties under one of these departments shall exercise any of the functions of another, except as in this constitution expressly provided."

.Under this provision of our State constitution, it has often been held, by this court, that the three departments of the State government are not merely equal, but they are exclusive in respect to the duties assigned to each. They are absolutely independent of each other. They are equal, coördinate and independent. This division of power was intended to prevent the concentration of power in one person or class of persons. *LaFayette, etc., R. R. Co.* v. *Geiger,* 34 Ind. 185; *State, ex rel.,* v. *Denny, Mayor,* 118 Ind. 382; *City of Evansville* v. *State, ex rel.,* 118 Ind. 426; *State, ex rel.,* v. *Denny, Mayor,* 118 Ind. 449; *State, ex rel.,* v. *Noble,* 118 Ind. 350; *Hovey, Governor,* v. *State, ex rel.,* 127 Ind. 588.

Because these several departments of the government are separate and independent, and because the incumbent of each is prohibited from performing any of the functions belonging to another department, it has been held that a Legislature can not pass a valid act relieving persons from penalties incurred by violation of penal statutes, nor can it pass a valid act compelling the refunding of money collected on a judgment; in short, that it is not in the power of one department of the government to perform any of the functions belonging to another. *State* v. *Sloss,* 25 Mo. 291; *Haley* v. *Clark,* 26 Ala. 439.

Section 17, article 5, *supra,* of the constitution, provides that the governor of the State shall have power to grant reprieves, commutations, and pardons, after conviction,

for all offenses except treason and cases of impeachment, subject to such regulations as may be provided by law, so that if the granting of a stay of execution by the Supreme Court, in a capital case pending before it on appeal, is the granting of a reprieve, within the meaning of this provision of the constitution, it must follow that the statutes above set out are void as being in conflict with the constitution of the State.

In solving the question as to whether the granting of a stay of execution by this court, in a capital case, pending before it on appeal, is a reprieve within the meaning of that word, as it appears in the constitution, we must keep in mind the fact that the same constitution creates the three several departments of the State government, and that it was the acknowledged purpose of the framers of that instrument to make these departments independent of each other.

To hold that the stay of execution by the Supreme Court in a case like this is a reprieve within the meaning of section 17, article 5, *supra*, of the constitution, is to annihilate one section of that instrument with another; for if the court is compelled to appeal to the executive for a stay of execution, in order to enable it to hear and determine a case, it is not independent. We are not at liberty to suppose that the convention which framed the constitution intended such a result as this. It intended that the constitution should constitute a harmonious whole, and it is our duty to so construe it, if it is possible to do so.

Under the construction contended for, if one convicted of murder, and sentenced to suffer the death penalty, should appeal to this court, and, by the exercise of all the diligence possible, should not be able to file his transcript earlier than the day before the time fixed for his execution, leaving no time to investigate his case, if the

chief executive should not be accessible, or, if accessible, he should refuse to grant a reprieve, the result would be the execution of the appellant, and an investigation of his case afterwards. If, upon investigation,we should reach the conclusion that he had been illegally convicted, the most that could be done would be to reverse the judgment, and to that extent vindicate his memory. This is not the justice contemplated by the law. If we adopt this construction in the case supposed, the power of this court to administer justice between the appellant and the State, would not depend upon its own will, but upon the will of the governor, the incumbent of another independent department of the government. Without cogent reasons, such a construction should not be adopted.

In construing the constitution upon the subject now under immediate consideration, it is to be constantly borne in mind, not only that the judiciary is an independent department of the State government, but also that it derives none of its judicial power from either of the other departments.

It is true that the General Assembly may create courts, under the constitution, but it can not confer on them judicial power, for it possesses none to confer. When created, such power is conferred by the constitution, and not by the act creating the court. Elliott's App. Proced., section 1; *State,ex rel.,* v. *Noble, supra; Shugart* v. *Miles,* 125 Ind. 445; *Hawkins* v. *State,* 125 Ind. 570; *Missouri River Tel. Co.* v. *First Nat'l Bank,* 74 Ill. 217.

The Supreme Court in this State is a court created by the constitution, and as such it possesses the inherent power to do all acts necessary to enable it to effectually exercise the jurisdiction conferred upon it. The authority to review and revise necessarily includes the power to enforce the law and administer justice. Independent

Parker *et al. v.* The State.

of any statutory provision, it has the power to so frame
its judgments and orders as to secure justice to litigants
within its jurisdiction, since the right of appeal carries ·
with it the right to a judgment, awarding justice accord-
ing to the law of the land. Elliott's App. Proced., sec-
tion 21; *Piqua Bank* v. *Knoup*, 6 Ohio, 342; *Buchanan*
v. *Milligan*, 108 Ind. 433; *Shannon* v. *Hay*, 106 Ind.
589; *Cottrell* v. *Nixon*, 109 Ind. 378; *Roberts* v. *Lindley*,
121 Ind. 56; *Louisville, etc., R. W. Co.* v. *Etzler*, 119 Ind.
39; *Brown* v. *Jones*, 113 Ind. 46.

We are of the opinion that this court possesses the
power to stay proceedings in a case like this, when neces-
sary to enable it to investigate, and properly decide the
questions presented by the record, independent of any
statutory provision upon the subject. The statutes above
set out are simply declaratory of a power which existed
before their enactment.

No more solemn duty can be imposed upon the courts
than the duty of protecting, and the duty of taking, hu-
man life. When human life is to be taken under the
judgment of a court, the act can not be justified except
by the strict observance of the forms of the law of the
commonwealth. In a matter so grave, the court having
the power should never refuse to stay proceedings, when
necessary to enable it to inquire whether the execution
of a citizen was justified under the law, and as to whether
the forms of the law had been observed in the proceeding
resulting in his conviction.

In our opinion, the sections of the statute of 1881,
above set out, are not in conflict with the Constitution of
the State, and are valid enactments.

· We are aware that a different conclusion was reached
by this court in the case of *Butler* v. *State*, 97 Ind. 373,
but we can not give our assent to the conclusion reached
in that case. The error in that case consists in assum-

ing that the granting of stay of execution by this court, in a case pending before it, is a reprieve within the meaning of section 17, article 5, *supra*, of the Constitution of the State. A conclusion based upon an erroneous premise is seldom, if ever, correct. In so far as that case conflicts with the conclusion reached here, it is modified.

From what we have said, it follows that the application to set aside the order staying proceedings in this case should be overruled.

Filed Nov. 9, 1893.