done by the refusal of the motion for a continuance. 4 Am. & Eng. Ency. Pl. & Pr. pp. 839, 840.

The record discloses no reversible error in the proceedings below, and the sentence is therefore affirmed.

---

(35 South. 816.)

No. 15,095.

STATE ex rel. COLLINS v. LEWIS, Judge.

(Jan. 18, 1904.)

GRAND JURY—EXCLUSION OF MEMBER—ACTION FOR REINSTATEMENT—PARDON.

1. After a grand jury has been discharged, one of its members, who had been excused from further service and excluded from that body, has no right of action to be reinstated. On that ground, the rule nisi is recalled, and relator's demand dismissed.

Although the pardon was full and free, and had the effect of reinstating the one pardoned to all his civil and political rights, he cannot be reinstated to the membership of a body which had passed out of existence.

(Syllabus by the Court.)

Application by the state, on the relation of Arthur P. Collins, for writ of mandamus to Edward T. Lewis, judge of the Sixteenth Judicial District Court, parish of St. Landry. Petition dismissed.

Peyton Randolph Sandoz, for relator. Respondent judge, in pro. per.

BREAUX, J. On the 3d of December last, we declined to issue the writ asked for by relator on a former application, and said, in declining, that we did not wish to intimate that one competent to serve on a jury prior to his conviction of a crime is not competent to serve after he has been pardoned; further, that we did not wish to intimate that a mandamus will go to reinstate him on the jury, grand or petit, after his removal.

Relator had not alleged in his application that his pardon had been brought to the attention of the judge a quo, or that any demand had been made by him of the judge to restore him to his position on the grand jury, and upon the last-mentioned ground applicant's petition was dismissed.

On the 2d of January, 1904, on relator's petition, a rule was issued directing respond-

ent to show cause why mandamus should not issue.

Relator has supplied the omissions of his petition for writ of mandamus. He presented a formal motion to the judge for reinstatement, and his pardon was placed before him. It is made part of the pleading in this application before us. It is a full pardon issued by the Governor of the state in 1896.

Relator, in this application, presents a number of grounds for the writ—among others, that he was a member of the grand jury, and was removed from this body by order of the judge, acting on motion of the district attorney.

Respondent answers the rule nisi, and says that the term of the grand jury of which the relator was a member had expired, and that it is no longer in the power of the court to reinstate him; that he is vested with a discretion in selecting jurors, and that it was in its exercise that he excluded relator from further service on the grand jury; that he had cause to thus exclude him, for he had been sentenced to serve a term at hard labor, which, under article 159 of the Constitution, rendered him incompetent.

The grand jury of which relator was a member was organized on the 30th of June last, to serve for the term of six months. It follows that the term expired on the 31st of last December. None of its members held over that term.

The term of the grand jury having elapsed, no member of that body can obtain a decree of reinstatement to a body which has passed out of existence by limitation.

There is no ground for extended discussion upon this issue.

We would be doing a vain and useless thing, were we to order the respondent judge to reinstate relator to the membership of a defunct body.

The other issues raised by respondent judge, and urged by him in support of this ground, which we have just decided adversely to relator, have also been considered by us.

The first issue is grounded upon the discretion with which the district judge is vested in excusing jurors.

We cannot agree with our learned Brother on this point. The discretion is not as large as invoked by him. The important function of the judge of the district court in selecting

jurors should not be curtailed. It cannot, however, as relates to his discretion, be extended so that it may result in different rulings in regard to a point of law which should be the same in the trial of all cases in all parts of the state. In matter of positive law, as in this case, there is no room for exercising discretion.

If a juror is competent, and he is removed upon a construction of law which will not hold, the discretion here invoked would not serve to uphold the illegal ruling. The law regarding citizenship and regarding those citizens who may be called upon for jury service is intended to be uniform. If discretion were to prevent a review of the question, it perhaps would not always be uniform.

The legal effect to be given to a pardon presents the third and last issue raised by the pleading.

A pardon removes or withholds the penal consequence which the law attaches to crime. Where there is a full and complete pardon of the offense, it removes the disability and reinstates the right of citizenship. The offender is restored to all his civil and political rights.

In other states, under their own laws, it seems, a pardon may be limited in its legal effects; as where a pardon may be limited or partial; as, for instance, the pardon only remits the residue of the sentence, as may be done in some jurisdictions, then the court is authorized to difference between a full pardon and the mere annulling of the sentence as relates to the remainder of the term. A merely annulled sentence only removes the penalty, and puts an end to further imprisonment. The court would then be without authority to decide that the pardon is general and unlimited. The pardon that was issued in this case was not thus limited. It was an unlimited pardon. The unavoidable inference, under the terms of the law, is that, in its legal effect, it was to be considered as relieving the one to whom issued as free from all civil disability under his sentence.

A pardon, in the broad sense, is a remission of guilt. Territory of Oklahoma v. Richardson (Okl.) 60 Pac. 244, 49 L. R. A. 440.

The pardoning power in Louisiana has always been viewed and interpreted as in England. McDowell v. Couch, 6 La. Ann. 366.

"The effect of such pardon by the King," says Blackstone, "is to make the offender a new man." Cooley's Blackstone, vol. 2, p. 400.

Article 159 of the Constitution cannot have a retroactive effect.

Its language does not obliterate the scope of a full pardon. The pardon releases the offense, and obliterates it, in legal contemplation. Carlisle v. United States, 16 Wall. 151, 21 L. Ed. 426; Osborn v. United States, 91 U. S. 478, 23 L. Ed. 388.

We agree with the self-evident proposition that one cannot be reinstated as a member of a body that is no longer extant.

We do not agree with the other propositions advanced by our learned Brother, and deem it best to express our views.

It follows that, for reasons assigned, as relates to the first proposition stated above, our rule nisi must be recalled, applicant's demand rejected, and his petition dismissed.