# STATE v. J. H. FJOLANDER.[1]

## May 22, 1914.

### Nos. 18,584—(6).

**Suspension of sentence by municipal court.**

Under G. S. 1913, §§ 8496, 7813 and 7832, the municipal court did not err in suspending sentence for a definite time for selling a certain poison. That was discretionary with the court and justified by the statute. [Reporter.]

Defendant was accused in the municipal court of St. Paul of selling a certain drug within the limits of that city, not being a registered pharmacist, voluntarily appeared in court, pleaded not guilty and was convicted and sentenced by Finehout, J., as stated in the opinion. From the order suspending sentence until May 29, 1914, the state appealed. Affirmed.

*Lyndon A. Smith,* Attorney General, *R. D. O'Brien,* County Attorney, and *R. G. O'Malley,* Attorney for State Board of Pharmacy, for appellant.

PER CURIAM.

Defendant was prosecuted in the municipal court of the city of St. Paul, under

[1] Reported in 147 N. W. 273.

125 M.—34.

the ordinary forms of criminal procedure, for a violation of section 5046, G. S. 1913, prohibiting the sale of certain drugs and poisons by any person other than a registered pharmacist. He was found guilty, and on November 22, 1913, sentenced to pay a fine of $50, or be committed to the St. Paul workhouse for the term of 30 days. Immediately following the sentence the court entered an order, over the objection of the state, suspending execution thereof until May 29, 1914. The state appealed from that order.

The state seeks to have a construction of the pharmacy statute in respect to whether the proceeding to recover the penalty imposed by the section under which this prosecution is founded is civil, analogous to the *qui tam* action, and also in reference to the jurisdiction of the municipal court in such cases. We find it unnecessary to consider or construe the statute. The court below took jurisdiction of the prosecution, ordered judgment in favor of the state, which may be enforced at the expiration of the suspension period. Whatever may be the nature of the action, or the jurisdiction of the court, there was no error in suspending the sentence. This was clearly justified by statute and was discretionary with the court. Sections 8496, 7813 and 7832, G. S. 1913. The order of suspension was for a definite period, in effect a stay of proceedings, and no abuse of discretion appearing, the appeal, if the order be appealable at all, must be affirmed. It is however doubtful whether the order is appealable. Graves v. Backus, 69 Minn. 532, 72 N. W. 811; 20 Enc. Pl. & Pr. 1278.

Order affirmed.