STATE of Indiana, Appellant
(Plaintiff Below),

v.

Floyd LONG, Appellee
(Defendant Below).

No. 84A01–9012–CR–512.

Court of Appeals of Indiana,
First District.

April 3, 1991.

Linley E. Pearson, Atty. Gen., Robert S. Spear, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellant.

Darrell E. Felling, Terre Haute, for appellee.

ROBERTSON, Judge.

The State appeals from the grant of a petition from Everett Long, father of deceased defendant Floyd Long, to return bail bond money previously ordered forfeited and transmitted to the Common School fund. We affirm.

The evidence reveals that the State arrested Floyd and charged him by way of information with two offenses. The trial court eventually released him on bond in the amount of $200,000.00, with 10% cash bond acceptable. The day after the trial court allowed this amount of bail, Floyd executed an agreement through which he deposited $20,000 with the clerk of the court the following day.

Floyd subsequently failed to appear for the trial date although his counsel made an appearance and informed the court that Floyd was to be present at that time. The court then ordered that the bond be forfeited pursuant to the provisions of the Indiana Code, issued a bench warrant for Floyd's immediate arrest, and set bond in the amount of $500,000.00, with 10% not acceptable. Twenty-two days later, the clerk of the court sent funds in the amount

of $19,945.00, the amount of the cash bond less administrative fees, to the State Auditor for eventual deposit in the Common School fund.

Approximately ten months later, the State moved to dismiss the criminal charges against Floyd, who had shot and killed himself as Florida police authorities attempted to arrest him as a fugitive from the Indiana causes. The trial court granted the motion to dismiss.

Everett Long subsequently petitioned the trial court for the refund of the forfeited cash bond and claimed he had actually posted the bond for his son. The trial court granted the petition as prayed and ordered the State to release to Everett the sum of $19,945.00, which represented and nullified the amount previously submitted to the clerk and paid to the Common School fund.

## DECISION

■ Everett Long petitioned the trial court for refund of the cash bond money, and the trial court entered a general judgment in his favor. Under such circumstances, we must affirm the trial court's judgment if it can be sustained on any theory or basis found in the record. *Hedrick v. First Nat. Bank & Trust Co. of Plainfield* (1985), Ind.App., 482 N.E.2d 1146.

When the trial court released Floyd on bond, he complied with the monetary condition to assure his appearance by depositing cash with the county clerk in the amount not less than ten percent (10%) of the bail. IND.CODE 35–33–8–3(2). The clerk of the court eventually reduced this $20,000.00 to $19,945.00 due to administrative fees. I.C. 35–33–8–3.1(a)(2) and (e). The then effective law allowed the court to revoke bail upon clear and convincing proof by the State that, while admitted to bail, the defendant had failed to appear before the court as ordered at any critical stage of the proceedings. I.C. 35–33–8–5(d)(4).

The statute further stated that if the defendant had been admitted to bail under I.C. 35–33–8–3(2) and had failed to appear before the court as ordered, the court was required to issue a warrant for the defendant's arrest and declare the bond forfeited. I.C. 35–33–8–7(a). Any proceedings concerning the bond, or its forfeiture, judgment, or execution of judgment, were required to be held in the trial court, as it had admitted the defendant to bail. I.C. 35–33–8–7(b). After a bond had been forfeited under subsection (a), the clerk was required to mail notice of forfeiture to the defendant. In addition, the statute stated that unless the court found there was justification for the defendant's failure to appear, the court was required to immediately enter judgment, without pleadings and without change of judge or change of venue, against the defendant for the amount of the bail bond, and the clerk was required to record the judgment. I.C. 35–33–8–7(c). Further, it is relevant to this appeal that the Common School fund, into which the court clerk deposited the forfeited bond, shall consist of amounts from the fines assessed for breaches of the penal laws of the State and from all forfeitures which may accrue. IND.CONST. art. 8, sec. 2.

The evidence which supports the judgment of the trial court shows that Everett deposited cash bond on behalf of his son, who then failed to appear for trial. The trial court issued a warrant for Floyd's arrest and declared the bond forfeited at that time. Everett claims that the clerk failed to send notice of forfeiture to either Floyd or himself after the bond had been forfeited. We find nothing in the record which shows the clerk notified Floyd of the forfeiture, as required by the statute, so that he could appear before the trial court entered judgment of forfeiture to explain his failure to appear. Floyd did not kill himself until some ten months after the trial court ordered the bond forfeited, and the record does not reveal when he left for the State of Florida. Further, the record does not show the trial court entered judgment of forfeiture, and the clerk could hardly be expected to have recorded such a judgment if it were not entered. All issues of forfeiture, judgment, or execution were to be decided by the trial court. However, even though no judgment had been en-

tered, the clerk transferred the cash bond money to the Common School fund.

▇▇▇ The State contends the threshold inquiry reveals that it, not Everett, owned the cash bond money because the trial court properly ordered the forfeiture and the clerk properly sent the money to the Common School fund. We conclude the order of forfeiture was never reduced to judgment and was never executed. Under the statute, the trial court must not only order forfeiture but must enter judgment of forfeiture and order it executed. We will not assume when the statute requires these additional steps that they are useless or meaningless actions. Because these steps had not been taken, the clerk errone-ously sent the money to the Common School fund. Inasmuch as the trial court never entered judgment of forfeiture, the money never accrued to the fund even though the clerk improperly placed it there. The lack of an entry of judgment in this case distinguishes it from *State v. Elliott* (1976), 171 Ind.App. 389, 357 N.E.2d 276, cited by the State.

The State cites *O'Laughlin v. Barton* (1990), Ind., 549 N.E.2d 1040, which we find compatible with our decision here. In that case, the trial court found that the defen-dant's bail bond was revoked but entered judgment awarding the cash bail bond to the victim, who had obtained a judgment against the defendant in a civil case for injuries suffered as a result of the charged criminal offense. The State Treasurer filed a petition for stay of judgment, which the trial court sustained. The defendant subsequently failed to appear in criminal court, and the supreme court stated:

> At that time, it was mandatory for the trial court to forfeit [the] bond absent good reason for his failure to appear.
>
> \* \* \* \* \* \*
>
> When a cash bail bond is forfeited, the clerk is required to transfer the money to the state Common School Fund. The Treasurer of the State of Indiana is the keeper of the Common School Fund. Ap-pellant was a necessary and indispens-able party to the determination of [the victim's] right to [the] posted cash bond.
>
> \* \* \* \* \* \*
>
> The trial court erred when it failed to forfeit the defendant's bond when he failed to appear. Although [the defen-dant's] bail had been revoked earlier for failure to bring his passport, it is appar-ent that this failure was simply part of his plan to flee the jurisdiction of the court before trial.

*Id.* at 1041–1042 (citations omitted). The supreme court then reversed the trial court and remanded with instructions to enter judgment ordering the cash bond be for-feited and ordering the clerk of the court to transmit the funds resulting from the for-feiture to the State Treasurer for place-ment in the Common School fund.

▇▇▇ The gist of the case is that the defendant's bond should have been forfeit-ed because there had been no showing of a good reason for the defendant's failure to appear in criminal court, as the defendant had shown with his conduct before trial that he merely sought to flee the jurisdic-tion of the court before trial. We conclude that the supreme court's use of the term "forfeited" in that case, when it stated the defendant's bond should have been "for-feited," meant forfeiture should have been ordered, adjudged, and executed after the defendant had failed to show good reason for his failure to appear; that is, the record affirmatively showed the defendant's rea-son for his failure to appear was his con-tinuing plan, as shown by his failure to surrender his passport, to flee the jurisdic-tion of the court before trial. This view is supported by the action of the supreme court when, in light of the fact the bond had previously been "revoked" by the trial court, it remanded the case for entry of judgment and order of execution of the judgment of forfeiture. In essence, the record affirmatively showed the defendant had no justification for his failure to appear because his plan the whole time had been to flee the jurisdiction of the court. There-fore, the trial court should have immediate-ly entered judgment of forfeiture and or-dered its execution.

 As the State contends, the trial court's forfeiture order was proper; however, for the reasons noted, the funds under it did not accrue to the Common School fund because the trial court never reduced the order to a judgment. We will presume the trial court acted correctly in its actions, *O'Brien v. Fulwiler* (1960), 130 Ind.App. 520, 166 N.E.2d 525, and therefore assume that it had found justification for Floyd's failure to appear and that it appropriately postponed entry of judgment. The State does not contend on appeal that no such justification existed and has produced no record to show the trial court lacked such justification. However, the clerk independently and improperly sent the money to the State Auditor without an order from the trial court to execute judgment of forfeiture, and in such case we do not conclude the money accrued to the fund. The trial court could still, and did, exert control over the improperly placed funds. The trial court ordered, adjudged, and decreed that the State of Indiana release these monies to Everett, thus nullifying its previous forfeiture order. We also note the State has not demonstrated on appeal that the money was not posted by Everett or that he is not entitled to it.

 The situation we face is therefore as follows. The defendant failed to appear before the trial court as required, and the trial court ordered his 10% cash bond forfeited. The trial court postponed entry of judgment of forfeiture, and the record does not show the trial court had no ground to do so based on the record before it at that time. Before the trial court entered judgment on the forfeiture or ordered the judgment executed, the defendant had killed himself, the trial court had dismissed the cause, and a party had petitioned the trial court to refund the money ordered forfeited. The party claimed it had actually paid the cash bond money, and the State did not contest this assertion. The trial court then ordered the money refunded to the party who had claimed it. As we presume the trial court acted correctly, we find nothing erroneous in this decision and sustain the judgment of the trial court on this basis. *See State v. Shideler* (1875), 51 Ind. 64.

Judgment affirmed.

RATLIFF, C.J., and BUCHANAN, J., concur.