**TRUEBLOOD, Joseph L., petitioner,**

v.

**STATE of Indiana, respondent.**

**No. 79S00–0304–SD–172.**

Supreme Court of Indiana.

June 12, 2003.

## ORDER DENYING SECOND MOTION FOR STAY OF EXECUTION OF DEATH SENTENCE

Petitioner, Joseph Trueblood, by counsel, files a "Verified Emergency Motion For Stay of Execution." Respondent, State of Indiana, by counsel, files an "Opposition To Motion For Stay."

After pleading guilty to three murders, Trueblood was convicted and sentenced to death. Execution of the death sentence is set for June 13, 2003. We have exclusive jurisdiction, among the courts of this state, to stay the execution of a death sentence. *See* Ind. Criminal Rule 24(G).

On June 11, 2002, the Governor denied Trueblood's petition for clemency. In the motion for stay, Trueblood asserts that the Governor failed "to satisfy his constitutional obligation regarding clemency procedures" by not considering certain evidence submitted by Trueblood to the Parole Board. Motion, ¶ 8. Trueblood requests that we stay execution of the death sentence until the matters raised in the motion can be fully briefed and a decision issued by the Court.

There is no need for additional briefing on the question presented. The exclusive power to grant clemency rests with the Governor. *See, e.g., Butler v. State,* 97 Ind. 373, 375–76 (1884). This power is given to the Governor in our state constitution. *See* Ind. Const., Art. 5, § 17. Although certain statutes address the procedure for making application to the Governor for clemency, *see, e.g.,* Ind. Code §§ 11–9–2–1 through 4, the legislature expressly provided that the statutes do "not limit the constitutional power of the governor to grant pardons, reprieves, commutations, or remissions of fines and forfeitures." I.C. § 11–9–2–3. Our state constitution vests discretion in the Gover-

nor as to matters of clemency. *See* Ind. Const., Art. 5, § 17 (providing that "The Governor *may* grant reprieves, commutations, and pardons, after conviction ... subject to such regulations as may be provided by law.") (emphasis added).

 Trueblood presents his claim concerning the clemency decision as one of state law. There is no provision in the state constitution or statutes for judicial review of the Governor's decision concerning a clemency petition. Infringement by one branch of government on the powers of another is repugnant to the distribution of powers that our constitution establishes. Ind. Const., Art. III, § 1; *State ex rel Branigin v. Morgan Superior Court,* 249 Ind. 220, 231 N.E.2d 516, 519 (1967).

There is simply no basis stated in the motion for this Court to review the Governor's exercise of constitutional power to decide Trueblood's request for clemency. The motion cites no constitutional provision, statute, or rule suggesting that Trueblood is entitled to a stay of execution.

Trueblood has completed the review to which he is entitled as a matter of right. His convictions and sentence have been affirmed at all levels in state and federal courts.

The motion for stay of execution is DE-NIED. No motion for reconsideration of this order shall be filed.

All Justices concur.