STATE OF MONTANA ex rel. FRANK R. DRYMAN, also known as FRANK R. VALENTINE, Relator, v. DISTRICT COURT OF NINTH JUDICIAL DISTRICT, et al., Respondent.

No. 9479.

Submitted September 30, 1954. Decided November 22, 1954.

276 Pac. (2d) 969.

Mr. Jerry J. O'Connell, Great Falls, for relator.

Mr. Arnold H. Olsen, Atty. Gen., Mr. John L. McKeon, Spec. Deputy County Atty., for Toole County, Anaconda, for respondents.

Mr. O'Connell, Mr. Olsen and Mr. McKeon argued orally.

MR. JUSTICE FREEBOURN:

This is an original proceeding in this court wherein the relator, Frank R. Dryman, seeks a writ prohibiting the respondent court and judge from carrying out an order changing the place of trial of relator from Toole County to Teton County.

On April 29, 1954, this court rendered its decision in the case of the State v. Dryman, Mont., 269 Pac. (2d) 796, wherein relator had been convicted of murder in Toole County in the respondent court and before the respondent judge. In such decision this court granted a new trial and directed that such new trial be had in some county "not adjacent" to Toole County.

On May 21, 1954, the respondent court and judge ordered that "pursuant to the decision of the Supreme Court of Montana in the above entitled case that defendant's [relator's] motion for change of place of trial from Toole County in the State of Montana to some other county in the State of Montana be, and the same hereby is, granted and the said action is hereby transferred for trial to Teton County, State of Montana, in the Ninth Judicial District of the State of Montana in accordance with the provisions of law applicable thereto * * *."

On September 21, 1954, the relator filed in this court his petition asking that this court issue a writ annulling and setting aside the order of the respondent court and judge of May 21, 1954, whereby relator's place of trial was changed from Toole

County to Teton County for the reason that Teton County is a county adjacent to Toole County.

A temporary stay issued and the matter was argued before this court on September 30, 1954.

"The word 'adjacent' is of Latin derivation from 'ad-jaceo,' to lie at, or near. It has been said that the word has no arbitrary meaning or definition, but that the term is a relative and not a definite and absolute one, and the exact meaning of which, in any particular case, is determinable principally by the context in which it is used, the facts and circumstances of the case, the subject matter to which it is applied, or the intent of the Legislature or the parties; and the word is usually to be given a broad substantial construction and not limited to the literal meaning as defined by lexicographers." 1 C. J. S., Adjacent, pages 1464, 1465.

In determining whether Teton County is adjacent or not adjacent to Toole County, we not only take into consideration what is said here, but also what we said in State v. Dryman, 125 Mont. 500, 241 Pac. (2d) 821, and State v. Dryman, Mont., 269 Pac. (2d) 796.

On June 6, 1951, the state prison board, located at the state capital and consisting of the governor, attorney general and secretary of state, at the request of the sheriff of Toole County, which request was approved by the respondent judge, authorized the warden of the state prison to accept custody of the relator, who had been charged with the crime of murder and was awaiting trial in Toole County. Such request was in writing in the form of an affidavit and stated that: "The facilities of Toole County jail are not adequate to afford proper protection for the above-named defendant [relator] during the period of time before the adove captioned case can be concluded. * * * The undersigned, C. O. Dunstall, sheriff of Toole County, Montana, respectfully requests that your honorable Board authorize the removal of the above-named defendant to the state penitentiary at Deer Lodge, Montana * * *".

The sheriff and another elected officer of Toole County ap-

peared before the governor, attorney general and secretary of state to orally support such request.

The ninth judicial district, presided over by the respondent judge, consists of four counties, namely, Glacier County, Toole County, Pondera County and Teton County. Glacier and Toole Counties are bounded on the north by the Canadian line and adjoin each other, Glacier County being to the west and Toole County to the east. Pondera County, with its length running east and west, adjoins Glacier County and Toole County on their south borders and lies between Teton County to the south and Glacier and Toole Counties to the north. Pondera County is narrow from north to south and measurements from a state road map would indicate that, although Glacier County and Teton County are separated by Pondera, part of the south border of Toole County and part of the north border of Teton County are about twenty miles apart.

The ninth judicial district, as required by Article VIII, sec. 14, of the Montana Constitution is "formed of compact territory [Glacier, Toole, Pondera and Teton Counties]". These counties: Compacted as required by the Constitution, umbrellaed by a radio station at Shelby, the county seat of Toole County, and with the present day means of transportation and communication, are close to one another; and Teton County although not adjoining Toole County is close to it.

At the hearing held by the governor, attorney general and secretary of state upon the request that relator be confined in the state prison, when the attorney general posed the question, Could not the relator be safely confined in Glacier County or Pondera County (he did not mention Teton County), the answer was in the negative. Nothing appears in the record showing that any attempt was made to transfer relator from Toole County to Teton County for safe-keeping.

Acting upon the sheriff's request the governor, attorney general and secretary of state, as such prison board, on June 6, 1951, passed the following resolution:

"Whereas: In view of the feeling in Toole County and adja

cent counties against the defendant [relator], the Board was of the opinion that the only safe place for the defendant until the Supreme Court has acted on the appeal for a stay of execution would be the Montana State Prison.

"Now, Therefore: Be it resolved that the Board of Prison Commissioners for the State of Montana authorize and direct the Warden of the Montana State Prison to accept custody of the defendant, Frank R. Dryman * * *".

The state prison board's purpose in permitting the defendant and relator to be kept in the state prison was to protect him from danger in Toole and adjacent counties. This court's sole purpose in directing that relator's new trial be had in some county "not adjacent" to Toole County was to secure to him the fair trial by an impartial jury which is guaranteed to every person charged with a crime by our Constitution.

Under all the facts and circumstances of this case and for the reasons stated, Teton County must be held to be a county adjacent to Toole County.

Therefore the respondent court and judge is directed to annul and set aside the order transferring the said action, wherein the State of Montana is plaintiff and Frank R. Dryman, also known as Frank R. Valentine, is defendant, from Toole County to Teton County for trial. Let the writ issue.

MR. CHIEF JUSTICE ADAIR and MR. JUSTICE BOTTOMLY, concur.

MR. JUSTICE ANDERSON: (specially concurring).

In State v. Dryman, Mont., 269 Pac. (2d) 796, the majority of this court directed that a new trial be granted in some county "not adjacent" to Toole County. In that opinion I dissented.

It would be presumptuous for me to decide what was intended by the members who subscribed their names to that opinion and I therefore accept the results they have reached here.

MR. JUSTICE ANGSTMAN: (dissenting).

The only issue on the appeal in case No. 9325, State v. Dryman,

Mont. 269 Pac. (2d) 796, was whether Dryman could have a fair trial in Toole County. I thought he could and that he already has had a fair trial. No issue was presented as to conditions in Teton County.

The only issue presented by the petition for change of venue was: "That the people of the County of Toole, State of Montana, are so prejudiced against the said defendant that he cannot have a fair trial and that it is impossible to obtain a jury in the County of Toole, State of Montana, that has not formed an opinion, as to the guilt or innocence of the said defendant, such as would disqualify them as jurors."

The only evidence presented in the record and considered by the district court and this court was evidence relating to the conditions in Toole County. True, this court pointed out that the newspaper article which was the basis of the claim of prejudice had a circulation of 1655 in Toole County, 75 in Glacier County, 80 in Pondera County and 115 in Liberty County. This was the only evidence of conditions in other counties than Toole and there was no evidence whatsoever as to Teton County. This court's opinion did not consider the conditions in Teton County and in fact made no reference whatsoever to adjacent or adjoining counties until the concluding paragraph of its opinion where it ordered a change of place of trial from Toole County "to some other county not adjacent thereto."

In my opinion what the majority of this court said as to adjacent counties was dictum. If it be not considered as dictum then it must be considered as having no application to Teton County because there was no more evidence concerning the condition in Teton County than there was regarding conditions in Treasure County or any other county not adjoining Toole County.

So far as the order of the state prison board is concerned, it too had nothing to do with conditions in Teton County. If the board's conclusion is to be given the meaning ascribed to it by the majority opinion, then no county in Montana is a proper place for the trial because the board said in its order "the only safe place for the defendant until the Supreme Court has acted on the

appeal for a stay of execution would be the Montana State Prison." That order excludes every county jail in the state.

I think the writ applied for should be denied.