STATE v. BUCK ET AL.

1. **Indictment:** DUPLICITY CURED. Defendant was charged in the same indictment with two distinct offenses, but before any evidence was introduced, the district attorney dismissed as to the count charging one of the offenses, and the defendant pleaded guilty as to the other; *held*, that the duplicity was cured and that the defendant was properly convicted.

2. **Practice in Supreme Court:** REDUCTION OF SENTENCE. This court will not interfere with the discretion of the District Court in imposing a sentence when all the evidence which was before that court is not before this.

3. **Criminal Law:** WITHDRAWING PLEA OF GUILTY AFTER SENTENCE. After sentence, the defendant moved for leave to withdraw the plea of guilty and for a new trial, on the ground that he was surprised by the magnitude of the sentence; *held* that, under the circumstances of this case (see opinion), the court properly overruled the motion.

*Appeal from Floyd Circuit Court.*

FRIDAY, SEPTEMBER 22.

INDICTMENT for forging a promissory note for the amount of $100. To the indictment the defendant, Henry, pleaded guilty, and from the judgment rendered thereon appeals.

*J. S. Root*, for appellant.

*Smith McPherson, Attorney-general*, for the State.

SEEVERS, CH. J.—I. There were two counts in the indictment, one for forging a promissory note and the other for uttering the same note. No objection was made to the indictment in the District Court, and the defendant, Henry, in the first instance pleaded not guilty. A jury was impaneled to try such issue, but before the introduction of any evidence the district attorney dismissed the count for uttering, and thereupon the defendant, Henry, pleaded guilty to the court for forgery. It is now urged no legal conviction can be sustained on the indictment because

State v. Buck.

two distinct offenses were charged therein. It was held in *The State of Iowa v. McCormack*, 56 Iowa, 585, that when proper objection was made to such an indictment before trial it was error to overrule it, because such an indictment was bad for duplicity. We think the dismissal of one count in the indictment before the introduction of any evidence and a plea of guilty as to the remaining count cures the defect that originally existed. The defendant was in no manner prejudiced by the mere finding of the indictment. After dismissal the indictment in legal effect was the same as if it had been found for the forgery alone, and is therefore clearly sufficient to sustain the judgment.

II. There were two indictments found against the defendant for forging and uttering two promissory notes. On one the 2. PRACTICE in supreme court: reduction of sentence. defendant, Henry, had been tried and a verdict of guilty rendered at the time he pleaded guilty on the present indictment. On the first indictment the defendant was sentenced to be imprisoned in the penitentiary for six years and for a like period in the present case, the latter to commence on the expiration of the former. It is said this punishment is excessive and we are asked to reduce it. None of the evidence attached to the indictment in the present case is before us. The evidence introduced on the trial in the other case is before us, but we are unable to say what were the circumstances attending the forgery in this case. We feel unwilling to interfere with the discretion of the District Court unless all the evidence which was before the court at least, is before us. No evidence was introduced in this case, but the court had before it the evidence attached to the indictment. There was a motion filed to 3. CRIMINAL law: withdrawing plea of guilty. withdraw the plea of guilty and for a new trial on the ground the defendant was surprised by the punishment inflicted, it being much greater than he expected. In support of this motion there was filed an affidavit of defendant's attorney as to an understanding he claims to have had with the trial judge as to the extent of

the punishment that would be inflicted.    There is also before us the statement of the judge as to the same matter.    We do not deem it essential to set out at length these statements, deeming it sufficient to say that from the affidavit of the attorney alone we are not satisfied he had good grounds to believe the punishment would be less than it was, or at least there was no understanding what it would be.    While it is shown the attorney was surprised at the extent of the punishment, there is no showing the defendant was, or that he pleaded guilty in this case, in reliance on what his attorney said as to the punishment that would be inflicted.    We do not think under the circumstances we can interfere.

AFFIRMED.