STATE EX REL. FOOT, ATTORNEY GENERAL, RELATOR, *v.* DISTRICT COURT ET AL., RESPONDENTS.

(No. 6,277.)

(Submitted February 1, 1928.   Decided February 10, 1928.)

[263 Pac. 979.]

*Certiorari—Criminal Law—Withdrawal of Plea of Guilty After Judgment Permissible—Discretion.*

Criminal Law—Court may, After Judgment, Permit Plea of Guilty to be Withdrawn and Plea of not Guilty to be Substituted—Discretion.
    1. *Held,* that while section 11909, Revised Codes 1921, provides that the district court at any time before judgment may permit a plea of guilty to be withdrawn and a plea of not guilty to be substituted, the court is not prohibited by statute from permitting this to be done after judgment; that the power to permit

---

1.   See 7 Cal. Jur. 1000.

the latter is inherent and may be exercised in the court's discretion to rectify an injustice, especially where occasioned through ignorance or lack of understanding of the gravity of the offense charged against the petitioner, and its discretion in that behalf may not be disturbed except on a showing of abuse thereof.

Same—Law Watchful That Defendant has Fair Trial.

2. The law seeks no unfair advantage over a defendant charged with crime but is watchful that the proceedings under which his life or liberty is at stake shall be fairly and impartially conducted, and therefore where it fairly appears that he, in entering a plea of guilty, was ignorant of his rights and the consequences of his act, or was influenced unduly and improperly either by hope or fear, or that the plea was entered under some mistake or misapprehension, courts ordinarily will permit him to change his plea.

Same—Permission to Withdraw Plea of Guilty and Substitute One of not Guilty After Judgment Held Proper.

3. *Held,* on application for writ of certiorari, and under the above rules, that where the evidence introduced by the state under a charge of attempt to commit rape, to which defendant had interposed a plea of guilty, showed that defendant accosted a young woman on a city street in the night-time, put his arm around her, asked to be permitted to carry a case she was carrying addressing a vulgar remark to her and then departed, the trial court in its discretion properly granted his petition, after sentencing him for a term of from three to six years in the state prison but before the commitment had been executed, to change his plea of guilty to not guilty, it appearing that he had acted without advice of counsel and in ignorance of his rights and the consequences of his plea.

---

[1]  Criminal Law, 16 **C. J.,** sec. 730, p. 399, n. 17; 17 **C. J.,** sec. 3575, p. 229, n. 33.

[2]  Criminal Law, 16 **C. J.,** sec. 730, p. 398, n. 11.

[3]  Criminal Law, 16 **C. J.,** sec. 730, p. 398, n. 10.

Original application by the State of Montana, on the relation of L. A. Foot, Attorney General, for a writ of certiorari to review a judgment of the District Court of the Fourth Judicial District in and for the County of Ravalli and James M. Self, Judge thereof, setting aside a judgment committing Clarence Cates to the state prison on his plea of guilty to a charge of attempt to commit rape, and permitting him to withdraw such plea and interpose a plea of not guilty. Writ dismissed.

*Mr. L. A. Foot,* Attorney General, and *Mr. A. H. Angstman,* Assistant Attorney General, for Relator, submitted a brief;

---

2. Right of accused to withdraw plea of guilty, see notes in 8 **Ann. Cas.** 237; 16 **Ann. Cas.** 973; **Ann. Cas.** 1912D, 243; 20 **A. L. R.** 1445. See, also, 7 **Cal. Jur.** 1000; 8 **R. C. L.** 111.

*Mr. S. R. Foot,* Assistant Attorney General, and *Mr. Edward M. Tucker,* County Attorney of Ravalli County, argued the cause orally.

The court was without jurisdiction to permit a change in the plea after judgment was entered. (*Beatty* v. *Roberts,* 125 Iowa, 619, 101 N. W. 462; *State* v. *Buck,* 59 Iowa, 382, 13 N. W. 342; *Sanders* v. *State,* 18 Ga. App. 786, 90 S. E. 728.)

The supreme court of Washington, in *State* v. *Scott,* 101 Wash. 199, 172 Pac. 234, and *State* v. *Anderson,* 109 Wash. 161, 186 Pac. 266, held that the judgment might be set aside if procured by fraud, providing a showing of a defense on the merits is made out; and in *State* v. *Raponi,* 32 Idaho, 368, 182 Pac. 855, the supreme court of Idaho held under an identical statute as ours, that the court may set aside the judgment and plea if procured through fraud, duress or undue influence. No such showing was made in this case. The situation is exactly the same as if defendant sought to set aside a conviction on the ground of false testimony. This may not be done. (*Kennedy* v. *Dickie,* 34 Mont. 205, 85 Pac. 982; *Clark* v. *Clark,* 64 Mont. 386, 210 Pac. 93; *United States* v. *Throckmorton,* 98 U. S. 61, 25 L. Ed. 93 [see, also, Rose's U. S. Notes].)

*Mr. J. D. Taylor,* for Respondents, submitted a brief and argued the cause orally.

The district court could properly set aside a judgment of conviction after sentence had been imposed. (*State* v. *Raponi,* 32 Idaho, 368, 182 Pac. 855; *Hart* v. *State* (Okl. Cr.), 233 Pac. 1095; *Tipton* v. *State* (Okl. Cr.), 235 Pac. 259; *Morgan* v. *State* (Okl. Cr.), 243 Pac. 993; *Kemp* v. *State* (Okl. Cr.), 248 Pac. 1116; *People* v. *Perez,* 9 Cal. App. 265, 98 Pac. 871; *People* v. *Schwarz,* 201 Cal. 309, 257 Pac. 71; *State* v. *Roberts,* 136 Wash. 359, 240 Pac. 3; *Curran* v. *State,* 53 Or. 154, 99 Pac. 420; *State* v. *Yates,* 52 Kan. 566, 35 Pac. 209; *Swang* v. *State,* 2 Cold. (Tenn.) 212, 88 Am. Dec. 593; 16 C. J. 396, secs. 728–730; 7 Cal. Jur. 999, par. 135.)

MR. JUSTICE GALEN delivered the opinion of the court.

Upon return to a writ of review issued by this court it is shown that on January 6, 1928, one Clarence Cates was by the county attorney informed against for the crime of an attempt [3] to commit rape. It is charged by the information that on or about November 23, 1927, the defendant "did then and there wilfully, unlawfully, feloniously, violently, and forcibly make an assault upon * * * a female not then and there the wife of the said Clarence Cates, with the intent then and there, feloniously and by force and violence, to carnally know and ravish" her "and accomplish with her an act of sexual intercourse, against her will and without her consent." On the same day the information was filed the defendant, appearing without counsel, was arraigned and thereupon entered a plea of guilty. He waived the statutory time within which to have judgment pronounced and asked that his punishment be fixed forthwith. On the day following the court took testimony and pronounced judgment whereby he was committed to the state prison for a term of not less than three nor more than six years. The evidence before the court bearing upon the charge is to the effect that at the town of Victor on the night of November 22, 1927, at about 11 o'clock, the prosecutrix, age twenty, was on her way to her place of abode carrying a case containing a violin, after having attended a school entertainment, when she was approached by the defendant, a man whom she did not know and whom she had never before seen. He put his arm around her and asked to be permitted "to carry her suitcase." She objected, and he thereupon made a vulgar remark to her, indicating a desire on his part to induce her to have sexual intercourse with him. Defendant then departed. Two other ladies were called as witnesses and testified. One said that at one time more than a year previous to the date of the offense charged, the defendant, whom she had seen only once before, approached her on the street in Victor, put his arms around her, and asked to be permitted to wheel

81 Mont.]   State ex rel. Foot *v.* District Court et al.   499

[81 Mont. 495.]

her baby buggy. The lady repulsed him and he went his way. The third lady stated that about a week previous to January 7, 1928, the date of the hearing, the defendant followed her on the street to the gate leading to her residence, and at that point said to her, "I surely would like to be your daddy," and that after she had entered her house the defendant knocked at her door in an endeavor to gain admission.

From the application for the writ it appears and is admitted that after the entry of judgment the same, together with an order of commitment, were placed in the hands of the sheriff, but that before the latter had executed them the judge recalled them "and requested the sheriff to postpone taking the defendant to the penitentiary until further advised by the court." Subsequently, on January 11, 1928, the defendant filed a notice of motion and motion to vacate the judgment of conviction and asked leave to withdraw his plea of guilty and to be permitted to enter a plea of not guilty, which motion was supported by his affidavit. By his affidavit, the defendant represented to the court that several days prior to the sixth day of January, 1928, he had been arrested and taken into custody by the sheriff of Ravalli county and placed in the county jail at Hamilton, and that when brought before the court on January 6, 1928, to make plea to the information, he was ignorant of the laws of the state and of his rights in the premises, and entertained belief that if he pleaded guilty he would receive a light sentence to be served in the county jail; that he was informed by the sheriff of Ravalli county that he had better enter a plea of guilty, and that if he did enter such plea he would receive a light sentence, and he understood from what the sheriff told him that it would be a jail sentence, and upon the sheriff's advice so given he informed the court that he was guilty of the charge, but not until January 9, 1928, did he realize the nature, character or seriousness of the offense charged; that prior to his arraignment on January 6, 1928, he was held in the county jail and unable to consult with his people who reside at Victor, and that on that date he did communicate with his father, but that his father did not come to

see him until January 9, 1928, resulting in the affiant becoming discouraged, and "rather than wait in jail until the next term of court, determined it would be best for him to act on the advice of the sheriff and enter a plea of guilty and receive a light sentence."

He further states that his plea of guilty was entered solely for the reason of the advice so given him by the sheriff, and that he was then laboring under a misconception of the charge contained in the information; that he "did not admit and does not now admit that he is guilty of the charge of attempting to commit the crime of rape, statutory or otherwise," and specifically denied "that he ever attempted to commit an act of sexual intercourse" with the prosecutrix "by use of force, violence, or in any other manner"; that he entered his plea of guilty for the sole and only purpose of having the matter disposed of with the understanding that a jail sentence would be pronounced upon him; that he presumed that he was charged merely with the crime of assault, "and not with the crime of attempting to commit a rape"; that he labored under the belief that he would be unable to procure bail which was fixed in the sum of $2,500, and therefore would be required to remain in jail until the next term of the district court, which he understood would not be held for five or six months; and that if he entered a plea of guilty and received a jail sentence his term of imprisonment would expire before he would have opportunity to be given a trial.

At the hearing on the motion, "the county attorney announced that he was not interested in the matter and did not file counter-affidavits or otherwise object to said motion." The court granted the motion in its entirety and ordered the defendant admitted to bail pending trial.

The only question presented for decision is whether the court acted within its jurisdiction in setting aside its judgment and permitting the defendant to withdraw his plea of guilty and interpose a plea of not guilty.

Our only statute bearing upon the subject provides: "The [1] court may, at any time before judgment, upon a plea of

guilty, permit it to be withdrawn, and a plea of not guilty substituted." (Sec. 11909, Rev. Codes 1921.)

It is the attorney general's contention that the authority thus conferred upon the court is limited in point of time, so that it must be done, if at all, *before judgment*. He contends that under the statute an application to withdraw a plea of guilty, when not interposed prior to judgment, comes too late and must be denied. Reliance is placed upon two Iowa cases and a Georgia case, for authority, viz.: *Beatty* v. *Roberts*, 125 Iowa, 619, 101 N. W. 462; *State* v. *Buck*, 59 Iowa, 382, 13 N. W. 342; *Sanders* v. *State*, 18 Ga. App. 786, 90 S. E. 728. We have carefully examined these cases and are of opinion that there is little to support the attorney general's position in them. The Georgia case holds merely that after judgment the defendant may not withdraw a plea of guilty as a matter of right, and the Iowa cases indicate that upon a proper showing the court, in the exercise of its discretion, could set aside such a judgment.

We see nothing in our statute which prohibits the court from meting out justice in the exercise of a sound discretion even after judgment. It is true that the statute does not especially confer such authority upon the court, but, on the other hand, it is not denied such right. The power is inherent, unless expressly denied. Unless restricted by statute, the courts should not be denied jurisdiction to rectify an injustice, especially where, as in this instance, it was occasioned through the ignorance and lack of understanding of the gravity of the offense charged on defendant's part. And here it is manifest that the evidence submitted to the court fell far short of proving the crime charged, and the course pursued was the only way to prevent a gross injustice to the accused.

"The law seeks no unfair advantage over a defendant, but [2] is watchful to see that the proceedings under which his life or liberty is at stake shall be fairly and impartially conducted. It holds in contemplation his natural distress, and is considerate in viewing the motives which may influence him to take one or another course," i, e., plead guilty or not guilty.

(*People* v. *Miller*, 114 Cal. 10, 45 Pac. 986; *People* v. *Schwarz* (Cal. Sup.), 257 Pac. 71.) "The withdrawal of the plea of guilty should not be denied in any case where it is   *   *   * evident that the ends of justice will be subserved by permitting not guilty to be pleaded in its place. Therefore the court ordinarily will permit a plea of guilty to be withdrawn if it fairly appears that the defendant was in ignorance of his rights and of the consequences of his act, or was influenced unduly and improperly either by hope or fear in the making of it, or if it appears that the plea was entered under some mistake or misapprehension." (16 C. J. 398.)

The statute was adopted by us verbatim from California, upon the passage of our Codes in 1895, and has since been the law of Montana. It has been construed in California not to deny to a person accused of crime the right to present a motion supported by affidavit to set aside the judgment and change his plea, nor to deprive the court of jurisdiction to pass on such a motion. (*People* v. *Perez*, 9 Cal. App. 265, 98 Pac. 870; *People* v. *Schwarz*, supra.)

In the *Perez Case* it was by the court held that "a confession of guilt obtained by duress is void and cannot be the basis for a valid judgment. The statute does not expressly provide how the action of the trial court shall be invoked for the avoidance of such a judgment, but under the authorities it is clear that the proper procedure is by motion supported by documentary or oral evidence, or both."

In the *Schwarz Case*, after approving the procedure in the *Perez Case*, it is said: "The question here presented is, May we interfere to reverse an order made after judgment, which denied a motion to vacate the judgment and to grant permission to defendant to withdraw her plea of guilty, with the right to take such action as she might be advised without hindrance by said former plea?   *   *   * Too much may not be done to purify and keep pure the administration of justice. *   *   * It is now well settled in this state that where on account of duress, fraud, or other fact overreaching the free will and judgment of a defendant he is deprived of the right

of a trial on the merits, the court in which he was sentenced may after judgment and after the time for appeal has passed, if a properly supported motion is seasonably made, grant him the privilege of withdrawing his plea of guilty and of reassuming the situation occupied by him before a plea of any kind was entered.''

Under like conditions and statute the supreme court of Idaho has said: ''If we should hold that' a plea of guilty can be withdrawn only before judgment, there would be no chance for relief to any defendant, who has been sentenced on a plea of guilty, no matter what were the circumstances under which the plea was entered. Of course, such application to change the plea necessarily includes the setting aside of the judgment as a prerequisite. We are of the opinion that C. L., sec. 7757 [our section 11909, Rev. Codes 1921], does not prohibit the granting of a motion after judgment to withdraw a plea of guilty and substitute a plea of not guilty, where the application therefor is based on the fact that the plea of guilty was not made freely and voluntarily nor with understanding of the nature of the act of defendant in making the plea. Where it is found by the court that the plea of guilty was not voluntarily and intelligently made, the motion should be granted on the theory that a plea of guilty obtained through duress, fraud, undue influence or without understanding its true import, is in reality not a plea of guilty and will not support a judgment of conviction.'' (*State* v. *Raponi*, 32 Idaho, 368, 182 Pac. 855.)

The courts of the states of Washington, Oregon, and Oklahoma have indicated similar views under identical statutes. (*State* v. *Roberts*, 136 Wash. 359, 240 Pac. 3; *Curran* v. *State*, 53 Or. 154, 99 Pac. 420; *Hart* v. *State* (Okl. Cr. App.), 233 Pac. 1095; *Morgan* v. *State* (Okl. Cr. App.), 243 Pac. 993.)

It is our opinion that a motion to withdraw a plea of guilty and substitute therefor one of not guilty, either before or after judgment, is addressed to the sound discretion of the trial court. (*Hart* v. *State*, supra; *Turner* v. *State* (Okl. Cr. App.), 242 Pac. 1053; *State* v. *Raponi*, supra.) And where, as

here, "there is reason to believe that the plea has been entered through inadvertence, and without due deliberation, or ignorantly, and mainly from the hope that the punishment, to which the accused would otherwise be exposed, may thereby be mitigated, the court should be indulgent in permitting the plea to be withdrawn. It must necessarily exercise a sound discretion in such matters; and this court will not interfere except in a case of abuse of discretion." (*People* v. *McCrory,* 41 Cal. 458.)

A plea of guilty should be entirely voluntary, by one competent to know the consequences, and should not be induced by fear, persuasion, promise, or ignorance. (*Morgan* v. *State,* supra.) By the facts disclosed from the record, this case is easily distinguishable from our decisions in *State ex rel. Reid* v. *District Court,* 68 Mont. 309, 218 Pac. 558, and *State ex rel. Bottomly* v. *District Court,* 73 Mont. 541, 237 Pac. 525.

Upon the facts presented, the court made no abuse of its discretion in granting the motion (*State* v. *Nicholas,* 46 Mont. 470, 128 Pac. 543), and therefore the writ is dismissed.

*Dismissed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MATTHEWS and STARK concur.

MR. JUSTICE MYERS, concurring specially:

I concur in the result but do not approve of all of the language of the majority opinion. From the record, I think some of it not applicable to the circumstances of the case at bar. The defendant in the criminal case in question, being a full-grown man and there being no showing that he was possessed of a low mentality, I doubt if his plea of guilty was caused by ignorance or lack of understanding. It is certain no duress was used or fraud perpetrated upon him. I fail to see any influence overreaching his free will or judgment. I assume the information was read to him, as the law requires, and that he was informed of his right to have counsel. If, under those circumstances, he entered a plea of guilty, I am not willing to

say the sentence worked a gross injustice on the defendant, for he knew what was his intent. The trial judge, before imposing sentence, heard evidence of the circumstances of the offense and, it is to be presumed, imposed punishment he thought adequate under the circumstances shown. To say the least, defendant's acts, as disclosed, were grossly shocking and, coupled with his plea of guilty, must have impressed the judge with the belief that severe punishment was merited. Had the court seen fit to refuse to reconsider its action, I would not favor disturbing its judgment.

It may be the defendant was under a misapprehension of the possible extent of the penalty for the crime charged and got more than he expected. That is the only chance I see that there was, possibly, a misunderstanding on his part. I think that probably caused his change of heart.

However, from the authorities, undoubtedly the trial court still had jurisdiction and clearly the matter was one within the court's discretion and, unless it be shown the discretion was abused, we should not interfere. The trial court knew all the circumstances and is presumed to have exercised a sound discretion. I am not prepared to say it is shown the discretion was abused and, solely on that ground, I concur in the result announced.