STATE, Respondent, v. DRYMAN, Appellant.
No. 9123.
Submitted January 29, 1952. Decided February 15, 1952.
241 Pac. (2d) 821.

Mr. W. M. Black, Shelby, Mr. Jerry J. O'Connell, Great Falls, for appellant.

Arnold H. Olsen, Atty. Gen., Thomas F. Joyce, Asst. Atty. Gen., John C. Hoyt, County Atty., Shelby, for respondent.

Mr. Black, Mr. O'Connell, Mr. Joyce and Mr. Hoyt argued orally.

MR. JUSTICE FREEBOURN:

Frank R. Dryman, also known as Frank R. Valentine, defendant and appellant, was charged by information filed April 11, 1951, with the crime of murder. To this charge, without benefit of counsel, he plead guilty and was by the lower court on April 12, 1951, sentenced to be "hanged by the neck until dead." Such hanging was to take place on June 1, 1951.

On May 28, 1951, Dryman petitioned the lower court to be permitted to withdraw his plea of guilty and substitute therefor a plea of not guilty. From the judgment of conviction and an order denying him the right to change his plea he appeals.

The petition alleged the "defendant was not competent" when the plea of guilty was made, and that defendant's attorneys had evidence which "raises serious question as to the mental stability and capacity of this defendant." It was based upon the affidavit of one of defendant's counsel and upon the medical records of the United States Navy, duly authenticated. Upon hearing, both defendant and the state submitted evidence.

The hospital records of the United States Navy show: That on May 7, 1949, defendant, then not eighteen years of age, was suffering from "schizophrenia" and such records designated defendant as "insane."

Called by the state, Dr. Robert Spratt, superintendent of Montana's hospital for the insane, a capable medical man and a trained psychiatrist, who served as such in the United States naval hospitals during World War II, stated that "from his experience in the navy," he knew that naval doctors and psychiatrists "were competent men."

Dr. Spratt, having questioned and had defendant under observation, on direct examination testified:

"Q. Do you believe he is suffering from a mental disease? A. Yes.

"Q. A disease of the type that can be cured? A. I can't think of any case that I know of that was cured.

"Q. How would you diagnose the condition of the defendant? A. It is my opinion that he has a psychopathic personality."

On cross-examination he said:

"Q. In your opinion is a schizophrenia a dangerous person to be at large? A. Yes, usually—or frequently. I will change that to frequently. * * *

"Q. You say because of what went on, there is certainly a mental disease or illness? A. Yes."

The evidence raises a grave doubt that defendant had the mental capacity to appreciate and understand what he was doing and the consequences thereof, when, without benefit of counsel, he pleaded guilty to the charge of murder. Since

·all doubt should be resolved in favor of a trial on the merits, defendant should have been allowed to withdraw his plea of guilty and enter a plea of not guilty.

In State ex rel. Foot v. District Court, 81 Mont. 495, 263 Pac. 979, 982, this court, in upholding the right to change a plea of guilty to not guilty, after sentence, said: "A plea of guilty should be entirely voluntary, by one competent to know the consequences, and should not be induced by fear, persuasion, promise, or ignorance." See also State v. McAllister, 96 Mont. 348, 30 Pac. (2d) 821.

In State v. Casaras, 104 Mont. 404, 66 Pac. (2d) 774, 778, a case where the death penalty followed a plea of guilty, we said: "This court is committed to the rule that a plea of guilty, to stand, must be entirely voluntary and freely made, without inducement and without any procuring cause, State ex rel. Foot v. District Court, supra [81 Mont. 495, 263 Pac. 979]; State v. McAllister, supra [96 Mont. 348, 30 Pac. (2d) 821], and that on application by the accused to change a plea of guilty to a plea of not guilty, all doubt should be resolved in favor of a trial on the merits, and that the trial court's discretion should be liberally exercised in favor of life and liberty. State v. McAllister, supra."

For the reasons stated the cause is remanded to the lower court with directions to set aside the judgment and allow defendant to withdraw his plea of guilty and enter a plea of not guilty.

MR. CHIEF JUSTICE ADAIR and ASSOCIATE JUSTICES METCALF, BOTTOMLY and ANGSTMAN, concur.