THE STATE OF MONTANA, Plaintiff and Respondent, v.
ERWIN H. MACK, Defendant and Appellant.
No. 9882.
330 Pac. (2d) 968.
Submitted May 26, 1958. Decided July 17, 1958.
Rehearing Denied Nov. 12, 1958.

Ralph J. Anderson, Stanley P. Sorenson, Helena, for appellant. Ralph J. Anderson, argued orally.

Forrest H. Anderson, Atty. Gen., Louis Forsell, Asst. Atty. Gen., for respondent. Louis Forsell, argued orally.

MR. JUSTICE CASTLES:

This is an appeal from a judgment on a plea of guilty and from an order denying the defendant's motion to vacate the judgment, to withdraw his plea of guilty, and substitute therefor a plea of not guilty.

The defendant entered a plea of guilty to a charge of supplying intoxicating liquor to a person under the age of twenty-one years. The defendant was informed against on April 29, 1957, in the district court by the county attorney of Park County. An order granting leave to file the information was made, a warrant was issued and the defendant arrested the same day.

Later, on the same day, the defendant was arraigned, pleaded guilty and was sentenced to serve sixty days in the county jail and to pay a fine of $200.

On May 3, the defendant, by his then attorney, filed a notice

of motion for an order setting aside the judgment and permitting the defendant to withdraw his plea of guilty and enter a plea of not guilty. The motion was made upon the ground that the defendant acted without advice of counsel, was ignorant of the offense charged and lacked understanding of the gravity of the offense charged. An affidavit by the defendant was filed in support of the motion wherein the defendant stated that he was never represented by counsel until after sentence was imposed upon him; that he was arrested, interviewed by representatives of the state, arraigned and entered a plea of guilty on the same day. He further set forth his employment status and that he was under the impression that this being his first offense, it was not serious in nature and that if he entered a plea of guilty only a fine would be imposed and he would be able to return to work. He further stated that he pleaded guilty for the sole and only purpose of having the matter disposed of with the conception that he would only have to pay a fine and then would be able to return to his job. He stated that he had fully stated the facts and circumstances to his then counsel, and that upon such statements he was advised and believed that he had a valid and substantial defense.

The defendant filed a supplemental affidavit in which he stated that at the time of entering his plea he was advised by the court as to his right to secure an attorney, and of the offense alleged, but that he was in a complete state of confusion and anxiety and because of this, misconstrued and misunderstood the statements of the court and never at any time was aware of the seriousness and gravity of the crime that he was charged with; that it was his belief he was being charged with a lesser offense and that the penalty would not be a jail sentence; that because of his anxiety to return to his job, he wanted the matter disposed of and felt that it would be quicker and more beneficial with respect to loss of time from his job to plead guilty to the offense and to pay the fine. He further stated that up until the time he appeared in the court

for the entering of his plea he was not advised of his right to secure counsel and had the conception that only a light sentence would be imposed, further, that the rapid speed in which the matter was handled caused him great confusion and rendered him incapable of ascertaining what was actually happening and caused him to misconstrue the seriousness of the offense.

Affidavits in opposition to the motion were filed by the county attorney, deputy county attorney, and the sheriff to the effect that the respective affiants were present in the court when the plea of guilty to the offense was entered and that the defendant was advised by the court of the serious nature of the crime charged; that he was advised of his right to counsel and waived such right and that he was advised of the penalty which could be imposed upon him in the event he entered a plea of guilty.

The court denied the motion. On petition by the defendant, an order was made granting leave to file a petition for rehearing on the said motion and granting a rehearing. On rehearing an order was made, again denying the same and this appeal followed. We might state, to clarify the somewhat unusual rehearing proceeding, that counsel for the defendant was killed in an unfortunate accident, and the court, in order to grant defendant's new counsel an opportunity to be heard and save the record for appeal, granted the rehearing. The state has assigned this as a cross-assignment of error, charging that the trial court did not have jurisdiction to consider the matter on rehearing. However, we do not feel constrained to rule on this matter as will hereafter be shown, since the merits of the case will determine it.

The defendant, appellant herein, assigns as error the court's denial of the motion to vacate and set aside the judgment and to withdraw his plea of guilty to the information and substitute therefor a plea of not guilty and that said ruling was an abuse of the court's discretion.

Recently, in State v. Morgan, 131 Mont. 58, 64, 307 Pac. (2d)

244, 247, this court considered a similar problem. We reviewed the matter as follows:

"This court stated in State v. McAllister, 96 Mont. 348, 30 Pac. (2d) 821, 823, that: 'A change of plea will ordinarily be permitted if it fairly appears that the defendant was in ignorance of his rights and of the consequences of his act, or if influenced unduly and improperly either by hope or by fear in making it, or if it appears that the plea was entered under some mistake or misapprehension. 16 C.J. 398. This court has recognized the right of so doing in State v. Nicholas, 46 Mont. 470, 128 Pac. 543; State v. Dow, 71 Mont. 291, 229 Pac. 402, and State ex rel. Foot v. District Court, 81 Mont. 495, 263 Pac. 979, and has also held that the right may be exercised in a proper case after judgment has been pronounced. State ex rel. Foot v. District Court, supra. It is a matter that rests in the discretion of the trial court and is subject to review only in the case of an abuse of discretion. State ex rel. Foot v. District Court, supra. Each case of necessity must depend upon its own facts and circumstances, and no hard and fast rule can be laid down that will fit every case. When application is made to change the plea, all doubts should be resolved in favor of a trial on the merits. (People v. Rucker, 254 Mich. 342, 236 N. W. 801; Pope v. State, 56 Fla. 81, 47 So. 487, 16 Ann. Cas. 972; Krolage v. People, 224 Ill. 456, 79 N. E. 570, 8 Ann. Cas. 235; People v. Wheeler, 349 Ill. 230, 181 N. E. 623), and the discretion of the court should be liberally exercised in favor of life and liberty (Hubbell v. State, 41 Wyo. 275, 285 Pac. 153; State v. Raponi, 32 Idaho 368, 182 Pac. 855).'

"We followed this rule in State v. Casaras, 104 Mont. 404, 66 Pac. (2d) 774; State v. Dryman, 125 Mont. 500, 241 Pac. (2d) 821, and State v. McBane, 128 Mont. 369, 275 Pac. (2d) 218.

"In view of these holdings by this court we are of the view that the appellant, at the time of the entry of his plea without the aid of counsel, felt that he had an understanding as to what judgment would be rendered against him. While it may

be that no direct commitment was made to him by any of the officers to whom he talked, yet statements were made by these officers to others who were in contact with the appellant, and undoubtedly upon whose advice he relied, and we believe that the ends of justice would be best served by permitting the appellant to change his plea."

It is immediately apparent that the instant case differs from the Morgan case in that in the Morgan case statements were made by officials which were relied upon by the defendant so that it fairly appeared that the defendant was in ignorance of his rights and of the consequences of his act and entered the plea under mistake and misapprehension. No such motivating factor appears here. In fact, to the contrary is shown by the affidavits. It also appeared in the Morgan case that the defendant was of low mentality and understanding. No such showing is made in the instant case.

This court has been committed to the rule that all doubts should be resolved in favor of a trial on the merits as shown above.

However, this does not mean that the trial court is without discretion. There must be an abuse of discretion. Here the district court gave full opportunity to be heard on the motion to set aside the judgment and change of plea. The court's order recited that the plea of defendant was not entered under circumstances wherein the defendant was in ignorance of his rights or was unduly and improperly influenced but acted of his own free will and that the fact that defendant in his mind believed that he would only receive a fine is not a circumstance to move the court in its discretion to grant the request.

A reading of the affidavit bears the trial court out. Were we to hold otherwise in this case, any defendant could await the pronouncement of sentence before he made up his mind as to his plea.

We are not impressed with the suggestion that the fact that the filing of charges, arrest, and plea all occurred within the same day, and was in such haste that the defendant's plea

was not voluntarily made. This circumstance alone is not sufficient to indicate a lack of understanding.

We hold that the trial court did not abuse its discretion. The judgment is affirmed.

MR. CHIEF JUSTICE HARRISON and MR. JUSTICES BOTTOMLY, ANGSTMAN and ADAIR, concur.