No. 10361. LYLE JAMES PETERS, Petitioner, *v.* STATE OF MONTANA, and Warden Floyd E. Powell, Respondents. Submitted October 27, 1961. Decided November 8, 1961.
366 P.2d 158.

PER CURIAM.

Original proceeding. Petition for writ of habeas corpus filed by Lyle James Peters, an inmate of the Montana State Prison, appearing pro se.

Petitioner was charged with burglary in the first degree in the District Court of Cascade County, was granted the services of court-appointed counsel, and following several conferences with his counsel, entered a plea of guilty and was sentenced to a term of ten years.

Petitioner contends that his arrest was illegal and that he was subjected to an illegal search and seizure. If there were any merit in these contentions they of necessity would have to be raised prior to trial or plea of guilty, and failure to do so would constitute a waiver.

Petitioner further contends that he would not have changed

his plea of not guilty to one of guilty had he been aware of his right to discharge his court-appointed counsel. Petitioner states that he has such a right under section 94-4806, R.C.M. 1947, which reads:

*"Rights of defendant in a criminal action.* In all criminal prosecutions the accused shall have the right—

"1. To appear and defend in person and by counsel;

"2. To demand the nature and cause of the action;

"3. To meet the witnesses against him face to face;

"4. To have process to compel the attendance of witnesses in his own behalf;

"5. A speedy public trial by an impartial jury of the county or district in which the offense is alleged to have been committed, subject to the right of the state to have a change of venue for any of the causes for which the defendant may obtain the same."

██ It is obvious this section grants no such right to a defendant. Petitioner has quoted an annotation heading inserted for purpose of reference following the code section as his authority, but such citation is no part of the law.

█ The State of Montana provides one charged with crime with the assistance of counsel to be appointed by the District Court and paid by public funds. We do not question, that upon a proper showing, such counsel could be discharged by the Court and a substitution made, where it appears that failure to do so would substantially impair or deny the right of such assistance of counsel, but such discharge or substitution cannot be made by a defendant, unless defendant is able to provide such counsel at his own expense or desires to undertake his own defense, because the discretion of the Court must be exercised, and it is not bound to honor such requests without good reason.

Despite frequent appearances in the District Court petitioner from his own allegations, never called to the attention of the

Court in any manner that he desired a different attorney appointed to defend him.

Petitioner also contends that his constitutional rights were violated because he was not allowed to withdraw his plea of guilty before judgment. It is to be noted that at no time did the petitioner advise the Court of such desire until after judgment had been pronounced and he was incarcerated in the State Prison, though as before stated he was before the Court on several occasions.

█ The matter of changing a plea has been before this Court many times and we have adopted a liberal view in that respect. See State v. Mack, 134 Mont. 301, 330 P.2d 968, and cases cited therein. Since the matter was never brought to the attention of the Court, the defendant must be held to have waived such right, if any he had.

No merit appearing, the application for a writ of habeas corpus is denied.