Harold R. **BROWN**, M.S.P. #19379,
Defendant and Petitioner,

v.

**STATE OF MONTANA**, and Warden
Floyd E. Powell, et al., Plaintiffs
and Respondents.

Misc. No. 4177.

United States District Court
D. Montana,

Butte Division.

Feb. 1, 1962.

MURRAY, Chief Judge.

Harold R. Brown, confined to Montana State Prison at Deer Lodge, Montana, for a term of 100 years, pursuant to a judgment of conviction of murder in the second degree in the District Court of the Seventeenth Judicial District of the State of Montana in and for the County of Valley, requests permission to file a Petition for Writ of Habeas Corpus in forma pauperis, together with a request for the appointment of counsel to represent him.

The petition and the record show that Brown pled guilty to a charge of murder on April 4, 1960, and thereafter the State District Court received evidence to determine the degree of murder and found petitioner guilty of second degree murder and imposed the sentence which petitioner is now serving. As a basis for the petition, Brown alleges numerous violations of his rights under the Federal Constitution, all

leading ultimately to the question of the voluntariness of his plea of guilty.

Under Title 28 U.S.C.A. § 2241, United States District Courts have authority to issue writs of habeas corpus on behalf of prisoners held in custody in violation of the constitution or laws or treaties of the United States. However, Title 28 U.S.C.A. § 2254, provides that the writ shall not issue on behalf of a person in custody pursuant to the judgment of a state court unless it appears that the applicant has exhausted all of the remedies available to him in the courts of the state, or that there is either an absence of available state corrective process, or the existence of circumstances rendering such process ineffective; and that an applicant shall not be deemed to have exhausted his state remedies if he has the right under state law to raise, by any available means, the question presented.

Petitioner alleges that he has exhausted his state court remedies by filing petitions for writ of habeas corpus in the District Court of the Third Judicial District of the State of Montana at Deer Lodge, where the State Prison is located, and in the District Court of the Seventeenth Judicial District of the State of Montana, at Glasgow, where the crime was committed, which petitions were denied. He further alleges that he filed a petition for writ of certiorari with the Supreme Court of the State of Montana and thereafter a petition for writ of certiorari in the Supreme Court of the United States, both of which were denied.

■ Neither the writ of certiorari nor the writ of habeas corpus is available in Montana to review the questions which petitioner sought to raise. With regard to the writ of certiorari, under § 93–9002, R.C.M.1947, that writ is available only to determine whether an inferior tribunal, board or officer, exercising judicial functions, has exceeded its jurisdiction. It is not available to correct errors within jurisdiction. State ex rel. Lay v. District Court, 122 Mont. 61, 198 P.2d 761; In re McKnight, 11 Mont. 126, 27 P. 336; State ex rel. Deck v. District Court, 64 Mont. 110, 207 P. 1004; State ex rel. North

American Life Ins. Co. v. District Court, et al., 97 Mont. 523, 37 P.2d 329; State ex rel. Mercer v. District Court, 115 Mont. 385, 387, 145 P.2d 527. Brown's petition, together with the copy of the information filed against him and the judgment and commitment of the State District Court show that that court had jurisdiction, both of the offense and of Brown, and that the sentence imposed was within the term authorized by statute (§ 94–2505, R.C.M. 1947) so that the court had jurisdiction to impose the sentence which it did. It, therefore, appears that petitioner's petition for writ of certiorari to the Montana Supreme Court was not a remedy available to him in the state court to correct the errors of which he complains.

Neither is the writ of habeas corpus, in the court's opinion, available in the state courts of Montana to correct denials of federal constitutional rights such as petitioner complains of here.

With regard to the writ of habeas corpus, § 94–101–14, R.C.M.1947 provides:

"The court or judge, if the time during which such party (seeking habeas corpus) may be legally detained in custody has not expired, must remand such party, if it appears that he is detained in custody.—

"1. * * *

"2. By virtue of the final judgment or decree of any competent court of criminal jurisdiction, or of any process issued upon such judgment or decree."

Under the provisions of this section of the Montana Code, it appears that a final judgment of a state criminal court is a complete answer to a petition for a writ of habeas corpus if the court had jurisdiction of the offense and the person of the defendant, and the sentence imposed is within the statutory sentence, as is the case here as above pointed out. The writ is not available to test the legality or the validity of the judgment and it is not an alternative method for reviewing a conviction. In re Lockhart, 72 Mont. 136, 232 P. 183; Ex parte Solway, 82

Mont. 89, 265 P. 21; In re Thompson, 9 Mont. 381, 23 P. 933. The last cited cases, and others in the same vein, have never been expressly overruled by the Supreme Court of Montana so far as this court has been able to determine. However, the Supreme Court of Montana has, on occasion, seemingly reviewed on the merits questions such as petitioner presents here on petitions for writ of habeas corpus. Dryman v. State, Mont. 361 P.2d 959, is an example. In that case the petitioner, in a petition for writ of habeas corpus, asserted that his conviction was invalid because a confession received in evidence was involuntary. The court apparently considered the petition on its merits and denied it, rather than simply holding that habeas corpus was not available to test such a question. Nevertheless, under the express terms of the statute and the earlier Montana decisions, which have never been overruled, this court is of the opinion that habeas corpus is not available in Montana to raise such questions.

In Gibbs v. Burke, 337 U.S. 773, 69 S.Ct. 1247, 93 L.Ed. 1686, cited by petitioner, and in Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469, and Cranor v. Gonzales, 226 F.2d 83 (CCA 9), the petitioners in those cases were held to have exhausted their state court remedies, thus entitling them to come to the federal courts for relief upon denial by the state courts of their petitions for writ of habeas corpus, but in each instance it was found that the petition for writ of habeas corpus was available in the particular state involved as a proper method of testing the constitutionality of the conviction. However, as pointed out, habeas corpus is not a proper method of testing the constitutionality of the conviction under the law of Montana.

But because neither certiorari nor habeas corpus is available to petitioner to test the constitutionality of his conviction does not mean that he is without a remedy in the courts of Montana. Several Montana cases have held that a defendant who has entered a plea of guilty to an offense and been sentenced may thereafter obtain a review of the circumstances surrounding his entering his plea of guilty and the legality of his conviction by moving in the District Court for leave to withdraw his plea of guilty, and if such motion be denied, such denial is appealable to the Supreme Court of Montana. State ex rel. Foot v. District Court et al., 81 Mont. 495, 263 P. 979; State v. McAllister, 96 Mont. 348, 30 P.2d 821; State v. Casaras, 104 Mont. 404, 66 P.2d 774 and State v. Dryman, 125 Mont. 500, 241 P.2d 821.

It, therefore, appearing that petitioner has failed to exhaust his state court remedies, this court, under the provisions of Title 28 U.S.C.A. § 2254, is without jurisdiction to entertain his petition, and leave to file the same in forma pauperis is therefore denied, and likewise his petition for appointment of counsel is denied.

It is so ordered.