STATE OF MONTANA, Plaintiff and Respondent, v. LYLE JAMES PETERS, Defendant and Appellant.

No. 10327.

Submitted August 24, 1961. Decided March 6, 1962.

369 P.2d 418.

Lyle James Peters, appearing pro se.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

Appeal by defendant from a judgment entered in the District Court of Cascade County, Montana, and from an order made after judgment denying a motion to withdraw plea of guilty and substitute plea of not guilty.

Defendant was charged by Information filed on December 16, 1960, with the crime of burglary in the first degree, alleged to have been committed on December 15, 1960. Defendant was brought before the court on December 16th and requested counsel be appointed for him as he was without means to employ one, and was advised that counsel would be appointed by the court and his arraignment was continued until December 19th. Counsel was then appointed for defendant and at the request of such counsel the arraignment was further continued until December 23rd. On December 23rd defendant was before the court with his counsel and request made for further postponement until December 29th, which request was granted. On December 29th defendant entered a plea of "Not Guilty". On the following day, December 30th, defendant with his counsel were again before the court and defendant withdrew his plea of "Not Guilty" and entered a plea of "Guilty". The court fixed January 5, 1961, as the time for pronouncement of sentence. On January 5th, the time for sentencing was continued to January 19th, and on such date time was again continued to January 23rd. On January 23rd, the court sentenced defendant to a term of ten years in the Montana State Prison.

On July 24, 1961, defendant filed in the district court

a motion for leave to withdraw plea of guilty and substitute plea of not guilty, which apparently he had prepared without aid of counsel while in the State Prison. No reasons are given in the motion other than citation of authority that an accused has a right to a trial by jury. This has always been true in Montana but such right may be waived, as it was in this instance, by entering a plea of "Guilty". The motion was denied by the District Court.

On August 2, 1961, Notice of Appeal was filed. Accompanying such notice was an affidavit of poverty and request that copy of the judgment roll and minutes of the court proceedings be furnished at the expense of the county for use on the appeal. Request was also made that supreme court briefs be ordered paid at the expense of the county.

These papers were received during the absence of the Judge on vacation and upon his return an order was made for preparation of copy of the judgment roll and minutes without charge to the defendant. The request as to briefs was denied since defendant had the right to request leave of this court to submit typewritten briefs. The judgment roll and minutes were filed in this court on August 24, 1961.

On September 15th the Chief Justice wrote defendant that if he desired to file a brief it should be on file by September 24th, being thirty days after filing the record on appeal. In response thereto defendant requested an extension of thirty days which was granted. No brief has been filed.

On October 27, 1961, defendant, appearing pro se, filed a petition for writ of habeas corpus in this court which was denied on November 8, 1961. See Peters v. State, 139 Mont. 634, 366 P.2d 158.

The judgment in this cause was entered on January 23, 1961, and the time for appeal therefrom expired on July 24, 1961. R.C.M.1947, § 94-8105. This court is without jurisdiction therefore to consider anything other than the order denying the change of plea which was entered on July 24, 1961, and ap-

pealed from on August 2, 1961, being within the sixty day limitation provided in section 94-8105.

The matter of the denial of the motion for change of plea was raised in defendant's petition for writ of habeas corpus, Peters v. State, supra, and we there cited the case of State v. Mack, 134 Mont. 301, 330 P.2d 968. We there held that while this court has been committed to the rule that all doubts should be resolved in favor of a trial on the merits, such holding did not mean that the District Court was without discretion. There must be a showing that there was an abuse of discretion. The record here discloses that defendant entered his plea of "Guilty" on December 30, 1960. Sentence was pronounced on January 23, 1961. The motion was not filed in the District Court until July 24, 1961, being six months after imposition of sentence and six months and twenty-four days after entry of the plea. No showing of any kind was made in the District Court and we fail to see where the court in any way abused its discretion in entering the order denying the motion and it should be affirmed.

It is so ordered.

MR. JUSTICES ADAIR, CASTLES, JOHN C. HARRISON and DOYLE concur.