PETITION OF JERALD AMOR.
No. 10738.
Decided January 16, 1964.
388 P.2d 270.

PER CURIAM.

This is a handwritten "Motion for leave to file a change of plea from guilty, and enter a plea of not guilty; In Forma Pauperis," filed by an inmate of the State Prison. Although this does not fall within any of the recognized categories of appellate procedure this court will treat it as if on appeal and dispose of it accordingly.

In our effort to establish truth and grant justice in this matter this court has had the file in the district court in this case

forwarded to us from the clerk of the District Court of Valley County.

On December 6, 1963, there was filed in the office of the clerk of the District Court of Valley County a "Motion for leave to file withdrawal. of Plea of Guilty, and enter a plea of Not Guilty." Along with this there was filed the same day a "Motion for Procurement of Certified Copies of: Records and Transcripts of Evidence of Arrest; and Court Proceedings of The above Entitled Court."

The same day that these motions were filed, the district court filed an order denying the motion for leave to file withdrawal of plea of guilty and enter a plea of not guilty on the ground that that court was without jurisdiction to grant the motion. However, this order did state that the court reporter is ordered to "furnish the said defendant a certified copy of the record and transcript of the proceedings in the above-entitled Court." It is from this order that defendant filed his notice, to the district court, of appeal, on December 23, 1963. It is upon this date that the motion addressed to this court was filed.

The affidavit of petitioner and the records of the district court disclose that Jerald Amor was arrested in South Dakota and held for the authorities of Valley County. He waived extradition and was returned to this state. He was charged with grand larceny, a felony. Petitioner was thereupon arraigned and counsel was appointed by the court. Nineteen days later, petitioner through his counsel waived further time and consented to proceed with the hearing at that time. Petitioner acknowledged receipt of a true and correct copy of the information and waived its reading in open court. Thereupon, petitioner entered a plea of guilty and waived the statutory time allowed by law before pronouncement of judgment. "The County Attorney informed the Court of the facts concerning this cause and recommended that the sentence run consecutively with the term heretofore imposed upon this defendant in the District Court, in and for the County of Lewis and Clark,

State of Montana." Counsel for petitioner made a plea to the court. Petitioner indicated that there was no legal cause preventing the imposition of judgment. Thereupon, "it was the judgment of the Court that the defendant was guilty of the crime of Grand Larceny, a felony, and that he be punished by confinement in the State Prison at Deer Lodge, Montana, at hard labor, for the term of seven years."

"It was further ordered that the sentence thus imposed shall commence to run upon completion of the sentence rendered in the case of the State of Montana against Jerry A. Amor, defendant, being criminal action No. 3155, in and for the county of Lewis and Clark, State of Montana."

Petitioner based his motion to the district court upon the authority of R.C.M.1947, § 94-6803. There is no doubt that, even though this withdrawal of a guilty plea was attempted after judgment, a district court may grant such relief upon proper showing, which moves the discretion of the court. State ex rel. Foot v. District Court, 81 Mont. 495, 501, 263 P. 979; State v. Morgan, 131 Mont. 58, 64, 307 P.2d 244, 247; State v. Mack, 134 Mont. 301, 305, 330 P.2d 968; See State v. Peters, 140 Mont. 162, 369 P.2d 418; In re Petition of Daniel D. Brown, 142 Mont. 73, 386 P.2d 73; In re Petition of Harold Ebeling, 143 Mont. 298, 387 P.2d 302.

The court below in this cause found "that judgment was rendered on the 22nd day of May 1963, and this Court is without jurisdiction to grant the motion of the defendant." No reason was given in the order to show why the district court lacked jurisdiction in this matter.

Although it appears that there is no statute or case authority limiting as to time the use of section 94-6803, it does seem to us that the privilege extended should be exercised within a reasonable time. See In re Petition of Daniel D. Brown, supra; State v. Peters, supra. However, in this cause petitioner's affidavit states that: "* * * due to Montana State Prison's regulations governing access to legal materials, the

petitioner found it impossible to file said petition at an earlyer [sic] date. For an inmate of Montana State Prison is allowed only three hour[s] a week in which to have access to legal material. * * * [P]etitioner is not an attorney, * * * and therefore, was forced to obtain the knowledge necessary for petitioning the courts for redress, hisself [sic]." Because of these facts and assuming that time was the determinative factor with the lower court, we feel that the lower court did have jurisdiction.

Therefore, we are remanding the order of the district court and order the district court to take the motion of petitioner under advisement and after determining this cause on the merits, to enter its order accordingly.

It is so ordered.