THE STATE OF MONTANA, PLAINTIFF, *v.* JAMES W. LeMAY, DEFENDANT.

No. 10719

Submitted September 11, 1964. Decided October 20, 1964.

396 P.2d 83.

316

Anthony F. Keast (argued), Missoula, for plaintiff.

V. G. Koch, County Attorney, Sidney, Forrest H. Anderson, Attorney General, Helena, Charles M. Joslyn, Asst. Attorney General (argued), Helena, for defendant.

MR. JUSTICE JOHN C. HARRISON delivered the Opinion of the Court.

This is an appeal from an order denying a Motion for withdrawal of a plea of guilty and to set aside the sentence and judgment predicated thereon. In the alternative the petitioner prays for a writ of error coram nobis.

An order granting leave to file information was given on August 14, 1957, at Sidney, Montana, in the district court. The petitioner was arraigned before the Honorable F. S. P. Foss, and entered his plea of guilty on the same day to the charge of rape. At defendant's request sentencing was also pronounced on the same day, defendant waived the time for imposition of sentence and he was sentenced to imprisonment in the State Prison, at hard labor, for a term of twenty years. The facts

leading up to the plea and sentencing are briefly set forth herein.

On August 3, 1957, the prosecutrix agreed to go with defendant on a date to a dance. She was taken out on a country road, and was there severely beaten and raped. On August 5, 1957, the defendant was arrested, taken to the prosecutrix's home and was there identified to be her assailant. While in the home the prosecutrix's father took a "swing" at the defendant, but was restrained by the arresting officers, and immediately removed from the premises. The defendant has at no time denied his guilt of the forceful rape.

After sentencing the petitioner was taken to prison and began to serve his time. The first indication to the court that he felt aggrieved and wished to change his plea was given by letter to the clerk of the district court on April 24, 1961, three and one-half years after sentence. Nine months later, on January 24, 1962, a pauper's affidavit, and petition and motion to change plea was filed before the Honorable L. C. Gulbrandson, who succeeded Judge Foss. On February 14, 1962, over four years after sentence, Judge Gulbrandson appointed Anthony F. Keast, Esq. to represent the defendant, James W. LeMay. The petitioner's brief was not filed with the district court until January 26, 1963, some five years, five months and twelve days after imposition of sentence. On June 26, 1963, Judge Gulbrandson denied petitioner's motion to change plea, and thereafter, petitioner perfected this appeal. At the time of this appeal, it is understood by this court that the petitioner has been released on parole and is now a fugitive from justice due to breaking his parole by leaving the jurisdiction.

The petitioner contends that the court did not inform him of the laws defining the crime of rape nor the laws defining the punishment upon conviction of rape. As a result of this petitioner contends that his plea of guilty was entered by mistake and under misconception of the nature of the charge and with a misunderstanding as to its effect.

318

The petitioner also contends that his plea of guilty was entered through fear and official misrepresentation due to the incident of the prosecutrix's father taking a "swing" at him at the time that he was taken to the prosecutrix's home for identification.

R.C.M.1947, § 94-4806, and the Montana Constitution Art. III, § 16, provide that in all criminal prosecutions the accused shall have the right to appear and defend in person and by counsel and to demand the nature and cause of the accusation.

In State v. McSloy, 127 Mont. 265, 261 P.2d 663, this court held that an information charging a defendant with an infamous crime against nature, and describing the manner in which the crime was committed, did not leave the defendant in the dark as to the nature and cause of the accusation.

In the case at bar, before District Judge Foss, the record clearly reveals that the information was read in its entirety to the defendant. The information stated that defendant was charged with the crime of rape, a felony, and described the manner in which the crime was committed. The defendant answered that James W. LeMay was his name, and stated he did not have, and did not want an attorney. Judge Foss then explained that the defendant was charged with a felony, to wit, rape, punishable by imprisonment in the State Prison in Powell County, Deer Lodge, Montana. He explained that defendant was entitled to be represented by counsel, and that if defendant did not have money or means with which to hire an attorney the court would appoint counsel for him at the expense of the county. The defendant again stated he did not want an attorney. The record shows that the defendant, after the court's explanation of his rights, waived the twenty-four hours to which he was entitled before entering his plea. He also waived forty-eight hours in which to receive sentence.

In oral argument, counsel for the petitioner argued that the defendant could not waive his right to counsel. He cited Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9

L.Ed.2d 799, 93 A.L.R.2d 733, which held that in both federal and state courts, counsel must be provided for defendants unable to employ counsel *unless the right is competently and intelligently waived*. The rule in the Gideon case is complied with since the petitioner was fully informed of his right to counsel, and with this knowledge waived his right to counsel. The Gideon case expressly preserves the right to waive counsel.

 From the facts, it is clear that defendant was fully informed of the nature and cause of the accusation. The law does not require a complete exhaustion of the law pertaining to the offense and method of sentencing in order to comply with telling the defendant the "nature and cause of the accusation". If defendant desires, or feels that he needs a complete explanation of the law and of sentencing methods, counsel is provided for him if he so desires. The law only requires that the defendant be fully apprised of the charge which faces him, and on what grounds such a charge is predicated. Whether or not defendant wants, or needs, counsel is for him to decide after he has been so apprised. There is no contention that petitioner is of subnormal intelligence or understanding. There is no merit to the contention that defendant entered his plea of guilty by mistake and under misconception of the nature of the charge. The court had no duty to act as counsel for the defendant and thereby explain all of the details and ramifications of the law of rape and sentencing procedure.

In considering the defendant's second contention that his plea of guilty was entered through fear and official misrepresentation due to the incident of the prosecutrix's father taking a "swing" at him, it is noted from the record that the plea was entered nine days after the alleged incident took place. It is improbable that after nine days without further incident, the defendant would be in such fear from an attempted assault that he would plead guilty to an offense carrying with it a penalty of two to ninety-nine years in prison. (See State v. Pelke, 143 Mont. 262, 389 P.2d 164.)

"The well established and almost universal rule is that the granting or refusal of permission to withdraw a plea of guilty and substitute a plea of not guilty rests in the discretion of the trial court, and is subject to review only where an abuse of discretion has been shown. 22 C.J.S., Criminal Law, § 421, p. 639 [§ 421(4), p. 1156]; State v. McAllister, 96 Mont. 348, 30 P.2d 821; State ex rel. Foot v. District Court, 81 Mont. 495, 263 P. 979." State v. Nance, 120 Mont. 152, 164, 184 P.2d 554, 560.

"* * * Each case of necessity must depend upon its own facts and circumstances, and no hard and fast rule can be laid down that will fit every case. * * *

"This court has been committed to the rule that all doubts should be resolved in favor of a trial on the merits * * *.

"However, this does not mean that the trial court is without discretion. There must be an abuse of discretion." State v. Mack, 134 Mont. 301, 305, 306, 330 P.2d 968, 970. See also Peters v. State, 139 Mont. 634, 366 P.2d 158; State v. Peters, 140 Mont. 162, 369 P.2d 418.

As was said in State v. Pelke, 143 Mont. 262, 271, 389 P.2d 164, 169, "The fundamental purpose of allowing the withdrawal of a plea of guilty is to prevent the possibility of convicting an innocent man. Therefore, a plea of guilty need be deemed involuntary only where it appears that the defendant was laboring under such a strong inducement, fundamental mistake, or serious mental condition that the possibility exists he may have pleaded guilty to a crime of which he is innocent. * * * [Citing cases]." In State v. Pelke, supra, the court found no abuse of discretion in the refusal of the lower court to allow the defendant to withdraw his plea of guilty at the time the sentence was pronounced. In the case at bar, as in State v. Pelke, the defendant has at no time denied his guilt of the crime charged. Thus, there is no basis on which to conjure that here is a possibility that an innocent man has been con-

victed. There is nothing to show that the trial court abused its discretion.

Another ground for refusal of the defendant's motion to change plea lies in his laches of nearly four years before making any move at all to change his plea. Nearly four and one-half years transpired before the defendant's petition and motion to change plea were actually filed. The general rule has been set out in State v. Nance, supra, 120 Mont. at 165, 184 P.2d at 561, "that in order to receive favorable consideration an application to withdraw a plea of guilty should be made within a reasonable time." The court in State v. Nance, supra, further noted that the motion for leave to withdraw is presented without undue delay is, in connection with other matters, accorded favorable consideration in arriving at the conclusion that it is proper or necessary to grant the motion; but where there is considerable delay in making the motion, the discretion of the court should not be exercised in favor thereof unless there is some substantial reason therefor. (See also 22 C.J.S. Criminal Law § 421(4), p. 1153).

One cannot delay until the witnesses are gone and the prosecutrix has reconstructed her life so that she would be unwilling to testify, and then make a motion to withdraw his plea of guilty in the expectation that no one will prosecute or testify against him. If such procedure was encouraged certainly justice would be circumvented. When there is an unreasonable delay in making a motion to change a plea of guilty, the defendant must show justification for such a delay or the trial court will properly refuse the motion on the basis of this delay. This is necessary to protect the public in criminal prosecutions.

The petitioner finally prays for a writ of error coram nobis. The purpose of a writ of error coram nobis is to bring before the court that rendered judgment, for its consideration, some error of fact which might affect the validity and regularity of the proceeding and which was not brought in issue at the trial. Under such a procedure the court is given an opportunity

to correct any error of fact, if any there be. (Butler v. State, 139 Mont. 437, 365 P.2d 822). The petitioner fails to point out, and the court fails to see, that under the facts in the case at bar there is any merit to the contention that the facts present a proper case for the issuance of a writ of error coram nobis.

For the foregoing reasons the order appealed from is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES CASTLES, ADAIR, and DOYLE, concur.